GULF, COLORADO & SANTA FE RAILWAY COMPANY v. B. S. KING.

No. 6873.

1.  **Meritorious Defense.**—Injunction was sought restraining an execution upon a judgment in a Justice Court for damages against the defendant railway company for obstructing the road to and from plaintiff's woodland.    The petition alleged that the railway company owned the right of way alleged as an obstruction, and that the plaintiff in the judgment did not own land adjacent to the railway, and that the road obstructed was not public.    *Held,* the defense was meritorious.

2.  **Oral Agreements in Justice Courts.**—Oral agreements made by parties to a suit in a Justice Court made with consent of the court are binding upon the parties. The rules requiring agreements touching pending suits to be in writing do not apply to Justice Courts.

3.  **Same—Agreement Setting Time for Trial.**—An agreement fixing a day for trial in a Justice Court should be enforced.    Its violation by one party and the court, injuring the other party, is a wrong of which courts will take notice on his complaint.

4.  **Diligence in Prosecution of Legal Remedies.**—See facts showing due diligence by a defendant in a suit before a justice of the peace to make its defense as basis for application for injunction.

5.  **Injunction—Practice.**—In an action before a Justice Court for $20, where one new trial had been granted the defendant and the judgment for plaintiff had been rendered in a trial had in violation of an agreement as to the time of trial, the grounds for injunction being good, the District Court had jurisdiction to try the case.    The jurisdiction depended, however, upon the validity of the grounds for the injunction.

6.  **Assignment of Error.**—An argumentative assignment of error will reach the act complained of although the argument be bad.    If the act be illegal and for other reasons than assigned, the court on appeal should remedy the wrong.

APPEAL from Collin.    Tried below before Hon. H. O. Head.

The opinion states the case.

*J. W. Terry* and *Alexander & Clark,* for appellant.—The court having acquired jurisdiction of the original suit, it was the duty of the court to have tried the original suit *de novo* and have rendered such judgment therein as was proper, notwithstanding its order dissolving the injunction.

The court had jurisdiction without regard to the amount in controversy.    County of Anderson v. Kennedy, 58 Texas, 616.

Relief in equity from mistake in fact:    High on Injunct., secs. 211, 212; Hale v. McComas, 59 Texas, 484; Leon & H. Blum v. Schram & Co., 58 Texas, 525.

No brief for appellee reached the Reporter.

COLLARD, JUDGE.—A judgment for $20 and costs was rendered in favor of appellee B. S. King in a Justice Court in Collin County against the Gulf, Colorado & Santa Fe Railway Company, the appellant. Upon petition of appellant it obtained an injunction to restrain the enforcement of the judgment from the district judge. The original suit before the justice is alleged in the petition to be on account as follows: "To damage for obstructing road to and from the said B. S. King's woodland   *   *   *   by which he has been damaged $20." The case was tried in the Justice Court May 17, 1887, and resulted in a mistrial; tried again same day before the court, resulting in a judgment for plaintiff for $20 and costs, and a new trial was granted and cause continued. It is then alleged that the counsel on both sides, with the consent of the court, agreed that "the case should be taken up by consent after the first day of the term, which was the 10th day of June, 1887. Under said agreement your petitioner, as defendant, consented. by its counsel and understood that the case would be tried on the 21st of June, 1887, the said day being the third Tuesday of June, but did not consent for said case to be taken up on the second Tuesday."

It is then alleged that defendant in the case appeared in Justice Court on the 21st of June and took the entries from the docket which are copied in the petition, and which show that the case was called on the 14th of June, "and the defendant failing to appear, plaintiff, after swearing to his account, claimed judgment by default," which was ordered for $20 and costs. One continuance had before been granted the defendant in the case by the justice. The petition also alleges that the judgment was rendered without negligence or fault of petitioner; that there was a legal and valid defense to the suit, which is set out.

The defense to the suit set up in the petition for injunction is that the railway owned the right of way across the road obstructed; that the obstructed road was not a public road, but only a neighborhood road, and that King did not own the land adjacent to the railway, and had no right to the dirt road. It was also alleged that execution had been issued on the judgment and was in the hands of a constable, and petitioner was threatened with a levy of the same, etc. The prayer was for injunction restraining the constable and King from further proceeding under the judgment.

When the injunction suit was called for trial the court sustained a general demurrer to the petition, and plaintiff refusing to amend, the cause was dismissed and the injunction dissolved.

Plaintiff appealed and assigns the following error: "The court erred in sustaining defendant's general demurrer to plaintiff's petition, because the court having acquired jurisdiction as to the original suit it was the duty of the court to hear the cause *de novo* and render such

judgment as to it would appear proper and right, as plaintiff requested the case to be tried as an original suit."

The reason given in this assignment indicating the error can not be sustained.   The right or power of the District Court to interfere in the case depended on the allegations for the writ of injunction.   If the writ could not issue for want of equity in the bill authorizing the same, the court, having no jurisdiction of the subject matter except through its power to grant the writ, could not try the case.   Railway v. Dowe, 70 Texas, 3, and authorities there cited.

But this is not a case in which the court has dissolved the injunction and on that ground refused to further consider the case; but it is a case where the court declared the petition bad on general demurrer.   If the court was correct in this, the injunction would necessarily fall to the ground.

Assuming that an incorrect reason has been given in the assignment to show that the court erred in holding the petition bad on general demurrer does not relieve us from passing on the sufficiency of the petition.   The question then is, did the court err in sustaining the general demurrer?   This must be answered in the affirmative.   The averments were sufficient to entitle plaintiff to the writ; facts were alleged showing that it had a good defense to the action, which it had no opportunity to make because plaintiff in the Justice Court had the cause taken up and judgment rendered by default in the absence of defendant's counsel, in violation of an agreement that it was not to be taken up except by consent of parties; that the case had been twice tried in the Justice Court, resulting in one mistrial and one judgment for plaintiff before the justice, followed by a new trial for defendant; that a second new trial was not allowed by law in the Justice Court, and the judgment being for only $20 and costs no appeal could be had; thus showing equitable grounds for the intervention of the court, that all legal remedies had been exhausted, and that petitioner was in no wise at fault or negligent in making its defense.   Railway v. Dowe, *supra;* Railway v. Rawlins, *ante,* p. 579; Bryorly v. Clark, 48 Texas, 345.   But one new trial can be granted by the justice of the peace.   Rev. Stats., art. 1626.

It is apparent from the averments in the petition that (if they are true) defendant in the Justice Court was overreached by plaintiff.   The mere fact that the agreement was violated would not entitle the petitioner to an injunction, but that fact coupled with the injury done thereby, and that there was no remedy at law, made a good case for injunction.   Bryorly v. Clark, *supra.*

It may be said that the agreement was not alleged to be in writing, and that therefore the justice could not have enforced it had counsel been present claiming its protection.   The rule requiring agreements of counsel to be in writing is for the district and higher courts, and

was not intended for the courts of justices of the peace. Rule 47 for District Courts and 47 for Supreme Court. Before the rules such parol agreements if proved could be enforced in the District Court, and a violation of them causing injustice could be reached by injunction when there was no legal remedy by appeal or motion for new trial. Bryorly v. Clark, *supra*.

Our conclusion is the judgment of the lower court should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted May 5, 1891.