SHERMAN STEAM LAUNDRY COMPANY V. JAMES F. CARTER ET AL.

Decided December 8, 1900.

**Injunction to Restrain Judgment of Justice Court—Adequate Remedy Otherwise.**

Judgment by default for $2.50 was rendered in justice court against a corporation upon citation, the officer's return of which showed due service on defendant's local agent. Defendant knew of the rendition of the judgment, but made no effort in that court to set it aside or to obtain a new trial, and upon application to the district court for an injunction to restrain the judgment, on the ground that the person served with the citation was not its agent, it did not show any excuse for its failure to take such steps, or that it had a meritorious defense. Held, that the injunction was properly denied.

APPEAL from Clay. Tried below before Hon. A. H. CARRIGAN.

*Leslie & McReynolds,* for appellant.

*James F. Carter,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—James F. Carter sued appellant, a private corporation doing business in Sherman, Texas, in Justice Court of Clay County for damages in the sum of $2.50, and recovered judgment February 26, 1900, for $2.55 and costs of suit. The judgment was valid on its face, citation commanding the proper officer to summon appellant having been duly issued and served on J. D. Allen as appellant's local agent. This suit was brought in the District Court of Clay County March 23, 1900, to enjoin the Justice Court judgment, upon the ground that J. D. Allen was not, as shown by the officer's return on the citation, such agent. The relief sought was on final hearing denied, but upon what ground the record does not disclose. Hence this appeal.

One of the issues made by the pleadings and clearly established by the evidence was that appellant had actual notice, not only of the pendency of the suit against it in the Justice Court, but also of the judgment "as soon as it was rendered." No effort was made in the Justice Court to set the judgment aside, nor was any excuse offered for not doing so. Indeed, appellant seems to have purposely avoided going into that court, both before and after the judgment, and thus ignored a plain and, for aught that appears, an adequate remedy provided by law. Article 1651 of the Revised Statutes provides that any justice of the peace shall have power at any time within ten days after the rendition of a judgment by

default or of dismissal, to set aside such judgment on motion; and the next succeeding article provides that he may, at any time within ten days after the rendition of any other judgment in any suit tried before him, grant a new trial therein on motion. A subsequent article provides that the motion shall be made within five days after the rendition of the judgment.

Section 19 of article 5 of the Constitution confers jurisdiction on justices of the peace in all cases where the amount in controversy is two hundred dollars or less of which exclusive original jurisdiction is not given to the district or county courts. Section 8 of the same article confers on the district court general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or the Constitution. If then "a remedy or jurisdiction" has been "provided by law," as indicated above, for a case like this, appellant was not entitled to go into the district court with its justice court case. The district court was not established, except as a dernier resort, to try cases involving the insignificant sum of $2.50. It was intended to be a court of more dignity and importance, and before a litigant is entitled to a hearing in that court on so trivial a matter, it must be made to appear that, without fault of such litigant, there is no adequate remedy elsewhere in the judiciary of Texas.

The principle upon which relief should have been denied in this case was thus stated by our Supreme Court in Hamblin v. Knight, 81 Texas, 351: "One against whom a judgment has been rendered without notice may no doubt obtain relief from it by injunction, notwithstanding it may appear from an official return or by the recitals in the final judgment that he had been duly served with citation, or that he had voluntarily appeared either in person or by an attorney. Such relief by injunction will not be administered when the party has an adequate remedy at law, nor, as a general rule, when he has an opportunity to make a motion for a new trial at the term at which the judgment was rendered. In every case where such relief is sought by injunction, it should be done without delay, or if from any cause delay exists, it should be accounted for and excused, in addition to which it must be shown that the party has a meritorious defense to the action. If relief against such a judgment is sought during the continuance of the term at which it is rendered, and there exist any circumstances making an application for a new trial an insufficient or less effective remedy than a separate suit would afford the party, upon alleging such facts he should be allowed to proceed by a separate suit and apply for an injunction, instead of being confined to a motion for a new trial. In this case nothing was alleged by the plaintiff tending to show that his remedy by a motion for a new trial was not adequate. His petition excused his omission to seek that remedy by alleging that the term of the court had adjourned before he could apply for relief, after being informed that the judgment had been rendered. If he had proved that allegation this suit would have been proper. We feel constrained, however, by the decisions of this court to hold that when it was admitted that the term of the court at

which the judgment was rendered had not adjourned when the original petition was filed, the court did not err by charging the jury to find for the defendant." See also the opinion in Murchison v. White, 54 Texas, 78.

The same principle was applied by this court in an oral opinion by Judge Head, in Millman v. Hart, in which judgment was rendered by the County Court of Howard County against a defendant shown by the return on the citation to have been served, when in fact he had not been, the citation having been served upon his brother. He, however, learned of the mistake in time to have had it corrected before the court adjourned, and neglected to do so. It was held that he could not afterwards maintain a separate action for the purpose. To the same effect is the decision of the Court of Civil Appeals of the First District, opinion by Judge Williams, in Rowlett v. Williamson, 18 Texas Civil Appeals, 28.

The following cases are cited by appellant to sustain its action: Railway v. Ware, 74 Texas, 48; Railway v. Rawlins, 80 Texas, 579; Railway v. Wright, 88 Texas, 346, and Witt v. Kaufmann, 25 Texas Supplement, 384. In each of these cases it was held that the citation or the return showing service was fatally defective on its face, and that the court was consequently without jurisdiction to render judgment. And although the judgments were held to be void, the doctrine was recognized and applied in some of them that relief by injunction is inadmissible where relief by appeal or certiorari is available. The principle would seem to be the same where, as in this case, no appeal or certiorari lies and the complaining party has an opportunity, by motion in the justice court, to correct the return and vacate the judgment; but this point, if involved, does not seem to have been urged or considered in any of the cases cited by appellant. In this case the court was authorized by the citation and return thereon, unless the latter was shown to be false, to render judgment, and when appellant learned that a judgment thus valid on its face had been so rendered against it, the duty involved upon it to at once advise the Justice Court of the error by motion to correct it and vacate the judgment. Besides not offering any excuse for the failure to pursue this course, appellant failed on the trial of this case to show that it had a defense on the merits of the action brought against it in the Justice Court, which, according to the opinion above quoted, was essential to the relief sought.

So, without determining whether or not Allen was the local agent of appellant, we conclude that the judgment should be affirmed.

*Affirmed.*