GULF, COLORADO & SANTA FE RAILWAY COMPANY v. L. L. SHIELDS ET AL.

Decided May 12, 1909.

**1.—Jurisdiction—Service of Process—Appearance.**

The action of counsel for defendant in demanding a jury trial in Justice Court and agreeing with plaintiff's counsel to set a day for trial, is an appearance in the case rendering objections to the process or service thereof immaterial.

**2.—Judgment—Injunction.**

No ground for injunction against the enforcement of a judgment appears from the fact that it was rendered on insufficient evidence or in violation of an agreement between counsel to set the cause for another day, which agreement the court had refused to recognize.

**3.—Same.**

In order to obtain equitable relief by an injunction against enforcement of a judgment, it must appear that the party complaining had a good defense to the cause of action and a valid excuse for failure to present it at the proper time.

**4.—Justice Court—Terms—Adjournment.**

A Justice Court meeting on the day fixed therefor may hold from day to day until business is disposed of, or may adjourn the court or the trial of any cause to a particular day.

Appeal from the District Court of Coleman County. Tried below before Hon. John W. Goodwin.

*Terry, Cavin & Mills,* for appellant.—The plaintiff's petition showed a good cause of action for injunction, the verdict of the jury established the truth of every material allegation in said petition, and it was the duty of the court to perpetuate the injunction herein. (Gulf, C. & S. F. Ry. Co. v. King, 80 Texas, 683; Chicago, R. I. & P. Ry. Co. v. Mill Co., 87 S. W., 753; Houston & T. C. Ry. Co. v. Foster, 86 S. W., 44.

The court erred in overruling plaintiff's motion for judgment upon the verdict that defendant should take nothing on his claim for damages, and in not adjudging that said Shield take nothing on said claim. Chicago, R. I. & P. Ry. Co. v. Mill Co., 87 S. W., 753; Houston & T. C. Ry. Co. v. Foster, 86 S. W., 44.

*E. M. Critz,* for appellee.—The plaintiff's petition did not state a good cause of action for injunction, and was subject to general demurrer, and the establishing of every allegation therein would not have warranted the court in perpetuating the injunction. Gulf, C. & S. F. Ry. Co. v. King, 80 Texas, 683; Galveston, H. & S. A. Ry. Co. v. Dowe, 70 Texas, 1; Sherman Steam Laundry Co. v. Carter, 24 Texas Civ. App., 533; Harrison v. Crumb, 1 App. C. C., sec. 991; Stapleton v. Wilcox, 21 S. W., 972; Rev. Stats., arts. 1651, 1652; Hamblin v. Knight, 81 Texas, 351; Odom v. McMahan, 67 Texas, 292; Frazier v. Coleman, 111 S. W., 662; Rowlett v. Williamson, 18 Texas Civ. App., 28; 23 Cyc., 1018, and authorities there cited; 24 Am. & Eng. Ency. Law, 798, and authorities there cited.

RICE, ASSOCIATE JUSTICE.—On the 18th of March, 1908, in the Justice Court of Precinct No. 7, Coleman County, a judgment was rendered in favor of appellee against appellant for the sum of $20, which appellee thereafter sought to enforce, whereupon appellant applied to the district judge for a writ of injunction restraining both appellee and J. T. Overby, the justice of said precinct, from the enforcement thereof, who granted a temporary writ, returnable to the next term of said court, at which time the case was submitted upon special issues, and, after verdict, judgment was rendered for appellee, dissolving said injunction, from which this appeal is prosecuted. The question for our determination, therefore, involves the correctness of said judgment.

Among other reasons assigned by appellant in its petition for injunction to enjoin said Justice Court judgment, were the following: First, that it was rendered without proper or legal service, without pleading filed in its behalf, and in the absence of its counsel; second, that said judgment was rendered in vacation, and hence void; third,

that it was rendered on the 18th day of March in contravention of an agreement between the attorneys on each side, setting the case for the 20th day of March; fourth, that no facts were proven in said Justice Court authorizing judgment in favor of plaintiff therein against it.

Briefly summarized, the record and briefs of counsel disclose that the following facts were pleaded and proven, bearing upon the issues involved, to wit: That on the 24th day of September, 1907, appellee Shields filed with the justice of the peace his account against appellant, claiming damages in the sum of $20 for delay in the shipment of a carload of flour consigned to him over its line from Fort Worth; that on same day citation was issued out of said court and served upon one E. L. Brown, whom the proof showed to have been its agent, requiring appellant to answer at the succeeding October term of said court. With reference to this citation, it is alleged and shown to have been dated September 24, 190—, and it does not appear that any other citation than this was ever served upon appellant. It further appears that the Justice's Court of said precinct was authorized by an order of the Commissioners' Court to hold its sessions at Santa Anna in said county on the third Mondays in each month, and that thereafter on the 16th of March, which was the third Monday in March, 1908, said court did convene in regular session for the transaction of business. Late on the evening of March 17th, said court being then in session and its business undisposed of, it appears that Mr. J. B. Dibrell, Jr., of the firm of Snodgrass & Dibrell, who are shown to be local counsel in said county for appellant, was then in court and demanded a jury for the trial of said cause, but, on account of the lateness of the hour, no proceedings were had in the case that evening, but it was agreed, however, between said Dibrell and E. M. Critz, attorney for said Shields, with the consent of the court, that said case should be taken up for trial on the next morning, and with this understanding said Dibrell returned to his home at Coleman, some nine miles distant from Santa Anna, and that after reaching home said Dibrell learned that the motion docket in the County Court had been set for the next day, when motions in which both himself and his partner were interested would come up for disposition; that he thereupon called said Critz to the 'phone and stated to him these facts and procured from said Critz an agreement to the effect that said Justice Court case should be postponed and reset for Friday, the 20th day of March; that on the next morning, after he and his partner Snodgrass had each announced ready upon motions pending in the County Court, some of which cases Snodgrass had tried alone, and some of which he, Dibrell, had tried alone, and for which reason the presence of each was required in said County Court cases, he was called to the 'phone by Critz and notified of the fact that said justice refused to respect the agreement resetting this case for March 20th, and that while he regretted it, he could not help it; that said announcements in the County Court on said motions had been made before they had knowledge that said agreement to reset said Justice Court case would not be respected; that by reason of the facts hereinbefore set out, it was impossible for either himself or his partner Snodgrass to then try said case, and further, it was then too late for either of them to have

reached Santa Anna, where said Justice Court was in session, on account of the distance therefrom, in time for the trial of said cause, if they had not been so engaged before the same was in fact tried by said Justice Court.

When said case was reached in the Justice Court it is shown that said E. M. Critz, attorney for appellee, stated to the court the agreement so made between himself and said Dibrell, resetting said cause for March 20th, and the reasons therefor, but said justice of the peace disregarded said agreement and entered judgment by default therein in favor of Shields and against appellant. That thereafter the appellant, through its counsel, filed a motion in said Justice Court to set aside said judgment rendered against it, alleging, first, that no evidence had been adduced on the trial showing that plaintiff had suffered any legal damages, in that no evidence was offered showing any depreciation in the market value of said flour between the dates of its shipment and its receipt by the plaintiff; and second, because the judgment was rendered in contravention of the agreement between the counsel postponing said case to March 20th; but said motion was not sworn to, nor was it alleged therein that appellant had a good defense to said suit, which motion was thereafter on the 26th day of March presented to said Justice Court and overruled.

Addressing ourselves to the first objection, that the judgment was rendered without legal service, in the absence of counsel and without the filing by it of any pleadings in the case, we are inclined to believe, by reason of the facts set forth, that the court had jurisdiction of the person of appellant. It clearly appears from the pleadings, as well as the evidence, that counsel for appellant had appeared in the Justice Court on the 17th of March, demanded a jury and agreed to the setting of the case for next day, the 18th. It likewise appears that when he ascertained that his engagements in the County Court would prevent his attendance on said Justice Court on the 18th, another agreement was had between him and counsel for appellee, resetting the case for the 20th of March. These facts, in our judgment, constitute an appearance, and are tantamount to an acceptance of service or waiver thereof. In Mueller v. Heidemeyer, 109 S. W., 447, where the question of what would constitute an appearance for a party, thereby rendering service unnecessary, was fully discussed by Chief Justice Fisher, and the cases on the subject reviewed, the conclusion was reached that any action on the part of counsel for a party in a case, such as agreeing to continue, agreeing to set, agreeing to postpone, would be an appearance, and equivalent to an acceptance of service or waiver thereof, conferring jurisdiction upon the court and rendering the service of process unnecessary. This contention is therefore overruled.

We do not think there is any merit in the fourth objection to the effect that the evidence offered on the trial in the Justice Court did not authorize its judgment.

With reference to the objection that the court ignored the agreement to postpone the case until the 20th and rendered judgment in contravention thereof, it is only necessary to say that this, of itself, is not a sufficient reason to set aside said judgment.

The judgment, as we have seen, was not void, and in order to obtain equitable relief in such cases as the present it must appear that the party had a good defense to the cause of action asserted against him in addition to the reasons for his failure to present it at the proper time. (Gulf, C. & S. F. Ry. Co. v. King, 80 Texas, 683; Rev. Stats., arts. 1651, 1652; Sherman Steam Laundry v. Carter, 24 Texas Civ. App., 533; Kern Barber Supply Co. v. Freeze, 96 Texas, 513.) Apart from this, appellant had failed to exhaust its legal remedy in this: Its motion to set aside the judgment was not sworn to, as required by statute (article 1651, Sayles' Revised Civil Statutes), and it is always necessary to exhaust all legal remedies before an injunction will be granted. (Frazier v. Coleman, 111 S. W., 662.) For aught that appears to the contrary, the court may have overruled appellant's motion in the Justice Court to set aside the judgment because it was not shown that it had a good defense to said cause of action, nor its motion sworn to, as required by law, for either of which reasons we are inclined to believe that the court was justified in overruling said motion; because in our opinion the court would be doing a vain thing to have set aside the judgment, unless it was made to appear that the appellant had a good defense to the cause of action, which it was prevented from presenting and asserting on the trial through no fault of its own.

We overrule appellant's contention that the judgment was rendered in vacation, because the law authorizes the Commissioners' Court to prescribe the time of holding Justice Courts, which had been done in this instance and the court was being held in accordance therewith. See article 1576, Revised Civil Statutes. The law likewise authorizes the justices to hold their courts from day to day until all business shall be disposed of, or they may adjourn the court or the trial of any cause to a particular day. Revised Statutes, article 1577. In accordance with the law thus laid down, the court had convened, as the evidence showed, on the third Monday in March, which was the 16th day of said month, and had continued in session from day to day up to the time the judgment complained of in this case was rendered.

After a careful review of the questions presented by appellant, we are unable to say there is any reversible error shown by the record, and the judgment of the court below is therefore in all things affirmed.

*Affirmed.*

Writ of error refused.