RACE v. DECKER. (No. 9186.)

(Court of Civil Appeals of Texas. Ft. Worth. June 14, 1919.)

1. INJUNCTION &#9758;7—GROUND OF REMEDY—APPEAL.

Injunction cannot be made to serve the purpose of an appeal.

2. JUSTICES OF THE PEACE &#9758;135(4)—EXECUTION—EQUITABLE RELIEF.

Defendant in an action before a justice of the peace is not entitled, in his writ to enjoin the issuance of execution upon a judgment in such action adverse to him, to relief from any defects complained of in the judgment which could have been corrected either by motion before the justice to correct the judgment or by an appeal.

3. INFANTS &#9758;77—SUIT BY FATHER AS NEXT FRIEND.

Suit for a minor may be instituted by his father as his next friend.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Suit by W. Decker against E. L. Race. From an order granting temporary injunction defendant appeals. Temporary writ of injunction vacated, order of the district judge set aside, cause remanded, and petition dismissed.

Walter Prichard, of Ft. Worth, for appellant.

Mercer, Wall & Rouer, of Ft. Worth, for appellee.

CONNER, C. J. This appeal is from an order of a district judge of Tarrant county, granting a temporary writ of injunction. The petition therefor, omitting its verification and purely formal parts, as presented to the district judge on April 2, 1919, is as follows:

"To the Honorable Judge of Said Court: Now comes your petitioner, W. Decker, a resident citizen of Tarrant county, state of Texas, plaintiff in the above-entitled cause, complaining of E. L. Race, defendant, who resides in Tarrant county, Tex., and respectfully represents to the court:

"(1) That E. L. Race is justice of the peace of precinct No. 7, Tarrant county, Tex., and as such officer entered up judgment on the docket of said court on the 22d day of March, A. D. 1919, against plaintiff as follows: 'R. E. Jobe v. W. E. Decker et al. This day came on to be heard the above styled and numbered cause, and all parties, being present, announced ready for trial, and, a jury being waived, the matters of fact as well as of law were presented to the court, and the court, after having heard the evidence, the argument of counsel, and being advised as to the law, is of the opinion that the law is for the plaintiff. It is therefore ordered, adjudged, and decreed by the court that the plaintiff, R. E. Jobe, for himself and as next friend for Jim Jobe, his minor son, recover of and from the defendants, W. E. Decker and George Walsh, the property sued for, to wit, one brown horse mule, about 15 hands high, 4 years old, sway-backed, now in the possession of George Walsh and for all costs of suit in this behalf expended for which let writ of possession issue. E. L. Race, J. P. No. 7, Tarrant Co. Texas.'

"(2) That it developed from the evidence in the trial of said cause that the plaintiff had no interest in the property in litigation, but that the said mule belonged to his minor son, Jim Jobe; that the said Jim Jobe was not a party

to the suit, that he did not then nor has he ever asked for affirmative relief from this your petitioner; that the said R. E. Jobe wholly failed to show a cause of action.

"(3) That the aforesaid judgment is wholly void and of no effect; that Jim Jobe could not be given relief by said court in said judgment, as he was not a party to the suit and never asked to be made such, either personally or as next friend, and his rights were never submitted for adjudication.

"(4) That the said judgment is impossible of performance. That the said mule is not in the possession of this defendant nor under the control of this court, and the judgment nowhere states the value of the mule in question.

"(5) That the name of Jim Jobe did not appear in the citation, nor did it ever appear either directly or indirectly as a party to this said suit.

"(6) That this defendant is hereby notified to bring into court all of the official records he has concerning this cause, or else oral testimony shall be offered to show their contents.

"(7) That the said judgment is final, and that the said E. L. Race is threatened to issue execution in accordance with said judgment, which act, if done, will result in irreparable damage to plaintiff.

"Wherefore plaintiff prays for a writ of injunction, restraining the defendant from issuing execution on said judgment, that plaintiff have judgment that said injunction be made perpetual, and for his damage aforesaid and for costs of suit, and for such other and further relief, special and general, in law and in equity, that he may be justly entitled to."

[1, 2] For several reasons, we think the petition is insufficient to support the order granting the writ. It will be noted that the petition for injunction was filed on the 11th day after the rendition of the judgment complained of, and no showing is made why, if dissatisfied with it, appellee did not appeal. Nor is there any reason shown why the cause might not have been removed to the county court by writ of certiorari. It is well settled that an injunction cannot be made to serve the purpose of an appeal. See Turner v. Patterson, 54 Tex. Civ. App. 581, 118 S. W. 565; Robinson v. Gibson, 168 S. W. 877. No reason is assigned why the defects complained of in the judgment of the justice of the peace could not have been corrected either by motion before the justice to correct the judgment or by an appeal. Appellee is therefore not entitled to relief from any such defect as could have been corrected. Williams v. Watt, 171 S. W. 266; Railway v. Shields, 56 Tex. Civ. App. 7, 120 S. W. 222.

[3] The objection that the minor to whom it is alleged the mule in question belonged was not a party to the suit is of no force, in view of the fact that it is evident from the judgment and allegations of the petition that the suit was instituted by the father as next friend of the minor. That suits may be so prosecuted has long been settled in this state.

Chambers v. Ker, 6 Tex. Civ. App. 373, 24 S. W. 1118; Ivey v. Harrell, 1 Tex. Civ. App. 226, 20 S. W. 775; Martin v. Weyman, 26 Tex. 460. Moreover, if the mule referred to in the judgment belonged to the minor, Jim Jobe, and is not in fact in possession of the appellee as alleged, it is difficult to see wherein appellee suffers an irreparable injury.

We conclude that the temporary writ of injunction should be vacated, and the order of the district judge set aside, and the cause remanded, and the petition for injunction dismissed.