**ZICKEFOOSE et al. v. RICHARDSON.**
(No. 570.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 29, 1920. Rehearing Denied Jan. 5, 1921.)

1. **Justices of the peace** ⚖️128(2)—**Execution of default judgment not enjoined unless motion for new trial has been made.**

Where an appeal does not lie from judgment by default in a justice court, the losing party is not entitled to an injunction restraining the execution of the judgment unless he has exhausted his legal remedy provided by Rev. St. 1911, arts. 2374–2377, for securing a new trial, by showing on such motion that he was not in default in permitting the case to go to judgment in his absence, and also that he has a meritorious defense to the cause of action.

2. **Justices of the peace** ⚖️116—**Allegation of motion for new trial held insufficient showing of meritorious defense.**

Allegation in motion for new trial that default judgment of justice of the peace was "contrary to law and the evidence" *held* not a sufficient showing of a meritorious defense; the allegation being a mere legal conclusion.

3. **Justices of the peace** ⚖️128(1)—**Refusal to file motion to set aside default judgment after denial of new trial not ground for injunction.**

Refusal of justice of the peace to file defendant's motion to set aside default judgment did not warrant district court to enjoin execution of the judgment where his motion for a new trial had previously been denied; his right to have the default judgment set aside having been determined against him by the denial of the motion for new trial.

Appeal from District Court, Liberty County; J. L. Manry, Judge.

Action by W. J. Zickefoose and others against J. F. Richardson. Judgment for defendant, and plaintiffs appeal. Reversed, with directions.

F. M. Sheffield and Jno. M. Conley, both of Beaumont, for appellants.

E. B. Pickett, Jr., of Liberty, for appellee.

WALKER, J. Cause No. 203 on the docket of justice court No. 4, Liberty county, styled W. J. Zickefoose et al. v. J. F. Richardson, involved the title and possession of a pig of the alleged value of $12. On the 6th day of January, 1919, the plaintiff in that suit re-

covered judgment by default against the defendant for the title and possession of the pig. Within the time provided by law (articles 2374-2377, Vernon's Sayles' Civil Statutes 1914), the defendant filed with the justice of peace, who tried the case, his motion for a new trial. This was duly presented and overruled. Afterwards, on the 13th day of January, 1919, the defendant presented to the said justice of peace, with the request that it be filed, what he styled "a motion to set aside" the default judgment, which the justice of peace refused to file, and returned to defendant. Afterwards, on petition of said J. F. Richardson, Hon. J. L. Manry, one of the district judges of Liberty county, granted a temporary writ of injunction, restraining the execution of the Justice court judgment. When this cause was tried in the District Court on its merits, the injunction was perpetuated, and judgment was rendered for J. F. Richardson for the title and possession of the pig. From this judgment Zickefoose has prosecuted his appeal to this court.

[1] The trial of this cause concluded all fact issues in favor of appellee. But we have concluded that the injunction was improperly granted, because appellee had not exhausted his remedy at law. Where an appeal does not lie from a judgment by default in justice court, the losing party is not entitled to an injunction restraining the execution of the judgment, unless he has exhausted his legal remedy provided by statute for securing a new trial. Articles 2374-2377, Revised Civil Statutes; Sherman Steam Laundry v. Carter, 24 Tex. Civ. App. 533, 60 S. W. 328. He must show, not only that he was not in default in permitting the case to go to judgment in his absence, but also that he has a meritorious defense to the cause of action alleged against him. Holliday v. Holliday, 72 Tex. 581, 10 S. W. 690; Drummond v. Lewis, 157 S. W. 266; Railway Co. v. Shield, 56 Tex. Civ. App. 7, 120 S. W. 222.

As controverting the proposition asserted by us, appellee has cited Railway Co. v. King, 80 Tex. 683, 16 S. W. 641; Medlin v. Commonwealth, etc., Co., 180 S. W. 899; Insurance Co. v. Arant, 40 S. W. 853.

In the King Case, it appears from the opinion written by Judge Collard, that defendant had been granted, in the Justice Court, one new trial, and "that a second new trial was not allowed by law in the justice court, and, the judgment being for only $20 and costs, no appeal could be had." It would follow from this statement that, if the justice of peace had no authority to grant a new trial, no duty rested upon the complaining party to file one.

In the Medlin Case, the statement is made in the syllabus:

"The court adjourned without any opportunity being offered to set aside the judgment at that term."

In the Arant Case, the motion for a new trial was duly filed, and all that case decided was, quoting from the syllabus:

(1) "An agreement between attorneys to pass a case over appearance day, and until a certain date, bars the plaintiff from taking judgment until the time stated terminates." (2) "Such an agreement extends the time of filing the answer until the time agreed upon has expired."

These cases do not sustain appellee's position.

In the motion for new trial, filed in the justice court, appellee alleged a good and sufficient excuse for his absence, and for the absence of his attorney, when the default judgment was taken against him on the 6th day of January, 1919, and, as stated by us, the trial of the case concluded these issues in his favor. But he did not allege a meritorious defense to plaintiff's cause of action, either in the motion that was filed and acted upon by the court, or in the motion that the court refused to file. This omission on his part was fatal to his relief by injunction through the district court. In order to constitute a basis for equitable relief, the motion for new trial must have been legally sufficient to entitle him to the relief prayed for.

Railway Co. v. Shield, supra, in which a writ of error was denied by the Supreme Court, is a case directly in point. Speaking for the court, Mr. Justice Rice said:

"The judgment, as we have seen, was not void, and, in order to obtain equitable relief in such cases as the present, it must appear that the party had a good defense to the cause of action asserted against him, in addition to the reasons for his failure to present it at the proper time. G. C. & S. F. Ry. Co. v. King, 80 Tex. 681, 16 S. W. 641; Rev. St. 1895, arts. 1651, 1652; Sherman Steam Laundry v. Carter, 24 Tex. Civ. App. 533, 60 S. W. 328; Kern Barber Supply Co. v. Freeze, 96 Tex. 513, 74 S. W. 303. Apart from this, appellant had failed to exhaust its legal remedy in this: Its motion to set aside the judgment was not sworn to, as required by statute (article 1651, Sayles' Ann. Civ. St. 1897), and it is always necessary to exhaust all legal remedies before an injunction will be granted. Frazier v. Coleman (Tex. Civ. App.) 111 S. W. 662. For aught that appears to the contrary, the court may have overruled appellants' motion in the justice court to set aside the judgment because it was not shown that it had a good defense to said cause of action, not its motion sworn to, as required by law, for either of which reasons we are inclined to believe that the court was justified in overruling said motion, because in our opinion the court would be doing a vain thing to have set aside the judgment, unless it was made to appear that the appellant had a good defense to the cause of action, which it was prevented from presenting and asserting on the trial through no fault of his own."

[2] In disposing of this cause, we should note that appellee, in his motion for new

trial, did allege that the default judgment was "contrary to the law and the evidence," but this allegation amounted to no more than a legal conclusion on his part, and was insufficient to sustain his prayer for new trial.

The Supreme Court, in Holliday v. Holliday, supra, thus disposes of a much stronger allegation:

"Stating generally that he has a meritorious cause of action or defense is not sufficient. Enough should be stated, supported by affidavit, to show at least a prima facie case. Courts ought not in such cases set aside judgments rendered except upon a showing which, if true and unexplained, would change the result on a subsequent trial. Cowan v. Williams, 49 Texas, 397; Montgomery v. Carlton, 56 Texas, 431; Contreras v. Haynes, 61 Texas, 105.

"We think that in this case the absence of the defendant and his attorney from the trial was sufficiently accounted for, and if he had in support of his motion for a new trial shown facts supporting his pleadings or constituting a meritorious defense not already pleaded, his motion ought to have been granted."

[3] The refusal of the justice of peace to file Richardson's second motion to set aside the judgment was not a ground for equitable relief, because, as we have said above, no facts were alleged in the motion entitling him to the relief prayed for. Again, under the articles of the statute above quoted by us, he was not entitled to file the motion. Clearly, the first motion filed by him for a new trial is within the provisions of article 2374. Article 2374 authorizes the filing of a motion "to set aside a judgment by default." Article 2375 provides for the filing of a motion for "a new trial" "within ten days after the rendition of any other judgment." In the first motion filed by him, appellee alleges:

"In the above cause now comes the defendant, J. F. Richardson, and moves the court to set aside the judgment heretofore rendered against him on the 6th day of January, 1919, and to grant him a new trial."

He concluded this motion by praying that "said judgment be set aside, and that he be granted a new trial." He shows no abuse of the discretion vested in the justice of peace in his refusal to file the second motion. His right to have the default judgment set aside had been determined against him in the ruling on the first motion. The second motion alleged one additional ground to that stated in the first motion, but appellee now concedes that this additional ground is not well taken.

For the reasons stated, the trial court was in error in refusing to dissolve the injunction granted against the execution of the justice court judgment. We, therefore, reverse and set aside the judgment in favor of the appellee, and order that the injunction restraining the execution of the justice court judgment be in all things dissolved.

On Motion for Rehearing.

If appellee is correct in his position that in praying for the injunction he did not rely on his first motion for new trial filed in the justice court, and that appellant advanced no assignment attacking the sufficiency of that motion as a basis for the relief granted, yet we do not see how his proposition can avail him. His second motion for a new trial, denominated by him "Motion by defendant to set aside judgment by default," was defective, in that it failed to state either a meritorious ground of defense or a reason for his failure to present such defense at the proper time. What we have said in regard to the first motion applies with equal force to the second motion. So, if appellee relies on the second motion alone as a basis for an equitable relief, it must be denied him, because no error is shown in the refusal of the court to file it, and because, had it been filed, it is wholly insufficient as a ground for such relief.

The motion for rehearing is in all things overruled.