## McNEILL & STANDEFER v. VICKERY.
### (No. 678.)

Court of Civil Appeals of Texas. Waco.
May 17, 1928.

**Justices of the peace  ⟝84(5)—Justice court had jurisdiction, though defendant was not cited, where he entered appearance (Rev. St. 1925, arts. 2047, 2381, 2435).**

Justice court had jurisdiction over parties to hear and determine issues involved in suit to recover certain farm products or their value wherein sequestration proceedings were had, though no citation was issued in justice court and served on defendant, in view of Rev. St. 1925, arts. 2047, 2381, 2435, where defendant filed answer together with cross-action and thereby entered appearance.

Appeal from Bosque County Court; B. F. Word, Judge.

Suit by McNeill & Standefer against W. W. Vickery instituted in justice court. From an order of the county court dismissing the suit on appeal from the justice court, the plaintiff appeals. Reversed and remanded.

McNamara, Scott & Jaworski, of Waco, for appellant.

J. P. Word and James M. Robertson, both of Meridian, for appellee.

BARCUS, J. Appellants instituted this suit in the justice court seeking to recover

certain farm products valued at $120, or, in the alternative, the value thereof. At the time the suit was filed, appellants filed their application for and a writ of sequestration was issued and levied upon 240 bushels of corn. Appellee filed an answer and a cross-action against appellants in the justice court, seeking to recover $199.50. Judgment was rendered in the justice court for appellants for $100, from which appellee appealed to the county court. In the county court appellee filed his motion to quash the writ of sequestration and all proceedings thereunder and asked that the suit be dismissed, because no citation was issued in the justice court and served upon him. The trial court sustained this motion, quashed the sequestration proceedings, and dismissed appellants' cause of action as well as the cross-action of appellee.

Appellants present only one assignment of error, which challenges the correctness of the trial court's judgment in dismissing the suit. We sustain this assignment. It appears that no citation was issued in the justice court at the time the suit was filed. Appellee, having filed his answer, together with a cross-action in the justice court, entered his appearance and gave the justice court jurisdiction over the parties to hear and determine the issues involved in the litigation. Appellee's theory is that when a claim or demand is lodged with the justice of the peace for suit, under article 2401 of the Revised Statutes, the suit is not begun until the justice actually issues the citation. Our courts hold that in order to stop the running of limitation, it is necessary for a citation to issue on a claim or demand lodged with the justice for suit. Moore v. G., C. & S. F. Ry. Co. (Tex. Civ. App.) 46 S. W. 388; Watt v. Parlin & Orendorff Co., 44 Tex. Civ. App. 439, 98 S. W. 428. But there is nothing in those opinions which even suggests that the defendant has not the power and right to enter his appearance in the justice court and answer a claim or demand that has been lodged with the justice against him. Article 2047 of the Revised Statutes provides that an answer filed by the defendant in the district court shall constitute an appearance and dispense with the necessity for the issuance or service of citation upon him. Article 2381 of the Revised Statutes provides that the rules governing the district court shall govern the justice court in so far as they apply to "(4) acceptance of service and entering appearance." Article 2435 of the Revised Statutes provides that no judgment shall be rendered in the justice court unless the party has entered an appearance or accepted service or has been cited. Our courts have held that an answer filed in the justice court gives said court jurisdiction over the defendant and authorizes a judgment to be rendered against him. Chance v. Pace (Tex. Civ. App.) 151 S. W. 843; Gulf, C. & S. F. Ry. Co. v. Shields,

56 Tex. Civ. App. 7, 120 S. W. 222 (writ refused). Appellee having entered his appearance in the justice court, and having perfected an appeal to the county court from an adverse judgment rendered against him in the justice court, thereby conferred jurisdiction on the county court.

The judgment of the trial court is reversed and the cause remanded.

GALLAGHER, C. J., took no part in the disposition of this case.