Edrington v. Allsbrooks.

E. H. EDRINGTON V. LAWRENCE ALLSBROOKS.

As to the verification of a petition for injunction.

A suit against an absent person being of an *ex parte* character, the plaintiff should at least strictly pursue the rules of procedure before judgment.

A debtor who seeks to enjoin a void judgment, is not obliged to bring the money into Court before he can claim its aid.

Judgments against garnishees are dependent on the judgment against the defendant or original debtor, that being void, the others fall with it.

Error from Grimes.   Tried below before Hon. P. W. Gray.

Petition for injunction alleges that while the petitioner was absent from the State, suit was instituted against him by the plaintiff in error, and a judgment recovered against him for $97 67, and also judgment against other parties as garnishees. That the return of service in these words, "The within writ was ordered to be published on the 25th July, 1856, which has been done according to law, (signed,) M. Mays, Constable," was insufficient; and that the citation, if published at all, was by one insertion for one week only in a newspaper. The petition was sworn to by the attorney for the petitioner.

The plaintiff in error moved to dissolve the injunction.   1st. Because the petition was not sworn to according to law.   2nd. Because it does not deny the justice of the judgment, nor the existence of a debt.   3rd. Because the petitioner had his remedy by review, and because he had not tendered the money due into Court.   This motion was refused, and injunction perpetuated, and judgment rendered against Allsbrooks for $97 67.

*J. Sayles*, for plaintiff in error.   The Court erred in not dissolving the injunction and dismissing the petition.

I. The petition was not verified by the proper person. (Hart. Dig. Art. 1597.)

II. The affidavit is based upon information and belief only, and does not state the material facts in positive and unequivocal terms. (3 Dan. Ch. Pr. 1834, note 1 ; 7 Paige, 157 ; 9 Id. 305 ; 8 Id. 72.)

III. While it is not denied that the debt was justly due the defendant in the injunction, it was not tendered or paid into Court. The plaintiff being a non-resident, the defendant is left without the means of enforcing the payment of his debt, and is responsible for all of the costs. The plaintiff, before the equitable interposition of the Court in his behalf, should have been required to do equity by paying the money into Court, or at least the judgment against the garnishee should have been held as security for the payment of the debt.

*J. W. Hutcheson*, for defendant in error. I. As to the first ground of dismissal, it is deemed needless to do more than to cite the Court to Wright v. Williams, (12 Tex. R. 36,) by Justice Wheeler.

II. This is somewhat different from the case of Mills v. Howard, reported in 12 Tex. R. 9. In that there was a distinct allegation of plaintiff's non-residence. This simply states that he is "staying in Tennessee."

III. We refer you, as to what the Clerk in his citation should state, to 8 Tex. R. 231, Wheeler v. The State.

And for 4th cause to 8 Tex. R. 228, and 10 Id. 352. He had no right to issue citation to the attorney under the records in this case.

This we rely upon as amply sufficient to dismiss the case. That there was no service at all. (See 17 Tex. R. 647 and 4 Id. 307.) The proceedings being all thus irregular and no service at all, the judgment was a nullity, and being a nullity, the injunction was properly perpetuated.

There was no necessity for offering to do equity, or pay any

thing, for there was no presumption of indebtedness created by a void proceeding.

HEMPHILL, CH. J. The petition for injunction was verified by the proper person. The Statute of 1846 (Art. 1597, Hart. Dig.) declares that the petition shall be verified by the oath of the party, and unless there had been further provision, it might have been doubted whether the attorney, though fully cognizant of the facts, could by his oath have satisfied the law. But the Act of January 11th, 1856, gives to the affidavit made by the attorney the same force and effect as if made by the principal, and is substantially an addition to the provision cited from the Statute of 1846.

If the petition had not been verified at all, the Court might, on final hearing, have decreed an injunction. Had there been no verification, the plaintiff might not have been entitled to the writ during the pendency of the proceedings, but on final hearing the grant or refusal of injunction, depending upon the merits of the cause, and not upon the oath of the party, the want of the oath would be no ground for the reversal of a final decree or grant of jurisdiction. (Eccles v. Daniels, 16 Tex. R. 136.)

The objection that the material facts are not stated in the affidavit in positive terms cannot be sustained. The proceedings had before the Justice (as detailed in the petition) show that the judgment, for want of legal service on the defendant, was void; and his attorney swears positively that the facts, as deduced from an examination of the papers, in relation to the service and return, and others stated from his own knowledge, are true. This is deemed sufficiently positive. The *jurat* not only avers the truth of the facts, but shows how the truth was ascertained.

Nor ought the judgment to be disturbed on the third ground assumed by the plaintiff in error.

Edrington  v.  Allsbrooks.

The judgment, as given by the Magistrate, was wholly void.

A suit against absent persons is essentially of an *ex parte* character, and at the very least plaintiffs should strictly comply with the rules of procedure before judgment. Notice by publication is, at best. but a miserable substitute for personal service, but if this has not been given, the utmost equity that could be claimed by a plaintiff in such judgment was allowed in this case, viz: the perpetual injunction of the void proceedings, and a decree for the sum really due from the defendant to the plaintiff.

A debtor who seeks an injunction against a void judgment is not obliged to bring the money into Court before he can claim its interposition. The judgments, rendered by the Magistrate against the garnishees, rest for their basis on the Magistrate's judgment against the defendant. That being void, the others fall with it, and the plaintiff cannot claim that they should in effect be revived, and held as security for the payment of the debt.

Judgment affirmed.