AUGUST KERN BARBER SUPPLY COMPANY v. E. K. FREEZE ET AL.

No. 1208.   Decided May 12, 1903.

**1.—Void Judgment—Injunction—Defense Against Original Cause of Action.**

Enforcement of a judgment shown to be void by the face of the record upon which it was rendered, may be enjoined without a showing by plaintiff that he has a good defense against the cause of action upon which such judgment was based.   (Pp. 516, 517.)

**2.—Same—Judgment Against Nonresident.**

Where the record showed that a personal judgment against a resident of another State was rendered on service upon him outside this State under art. 1230, Rev. Stats., such judgment was void on its face.   (Pp. 514-517.)

**3.—Cases Distinguished.**

Railway Co. v. Ware, 74 Texas, 47, and Edrington v. Allsbrooks, 21 Texas, 186, where judgments enjoined were void on the face of the record, distinguished from Sharp v. Schmidt, 62 Texas, 263; House v. Collins, 42 Texas, 492, 58 Texas, 231; Heck v. Martin, 75 Texas, 469, cases of attack by evidence aliunde upon judgments in which the record showed service or was silent on the subject. (Pp. 516, 517.)

**4.—Same—Limitation.**

A judgment void because rendered without jurisdiction by valid service of process did not interrupt the running of limitation against the cause of action on which it was based.   (P. 517.)

Questions certified from the Court of Civil Appeals for the Fifth District, in an appeal from Hunt County.

*Looney & Clark* and *W. B. Hamilton,* for appellant.—A personal judgment rendered by default against a nonresident of the State of Texas based upon notice or citation served outside the State is void. Maddox v. Craig, 80 Texas, 600; Kimmarle v. Railway Co., 76 Texas, 686; York v. State, 73 Texas, 651; Pennoyer v. Neff, 95 U. S., 723.

A void judgment may be enjoined at any time.   Cook v. Burnham, 32 Texas, 129; Chambers v. Hodges, 23 Texas, 105.

Where a judgment is void, the party against whom it is rendered is not compelled to show a valid defense in order to have the enforcement of same enjoined.   Galveston, H. & S. A. Railway Co. v. Ware, 74 Texas, 47; Gulf, C. & S. F. Railway Co. v. Blankenbeckler, 13 Texas Civ. App., 249; Edrington v. Allsbrooks, 21 Texas, 186.

*Geo. O. Green,* for appellees.—This judgment shows upon its face to be a default judgment rendered against August Kern Barber Supply Company, and does not show on its face, neither is there proof of record submitted as evidence showing that defendant was a nonresident, or that defendant was served upon a notice to a nonresident.   However, the testimony shows that a notice to a nonresident was served on plaintiff in error, and the uncontradicted testimony further shows that defendant, though not cited in any other manner than a notice to a nonresident, a plea to the jurisdiction of the court trying said cause was submitted, setting up reasons why said court had no jurisdiction over the defendant,

and stating why the case should be dismissed.  Not only does the record show a valid and binding judgment, but the proof shows that, although defendant was a nonresident, its appearance in the cause tried was entered by its attorney.  Schleicher v. Markward, 61 Texas, 103; Sharp v. Schmidt & Zeigler, 62 Texas, 263; Kitchen v. Crawford, 13 Texas, 516; Wiley v. Pratt, 23 Ind., 635; Chambers v. Gallup, 70 S. W. Rep., 1009; Foust v. Warren, Civ. App. 2d Dist., rendered Feb. 14, 1903; Bryant v. Williams, 21 Iowa, 329; Russell v. Pottawattamie Co., 29 Iowa, 256; Johnson v. Lyon, 14 Iowa, 431; Garrison v. McGowan, 48 Cal., 600; Carpenter v. City of Oakland, 30 Cal., 447; Hunter v. Bryant, 98 Cal., 247, 33 Pac. Rep., 51; Denton v. Noyes, 6 Johns. 296, 5 Am. Dec., 237; Bunton v. Lyford, 37 N. H., 512, 75 Am. Dec., 144; Wilkerson v. Shoonmaker, 77 Texas, 615; Baker v. Martin, 75 Texas, 469; Freeman v. Miller, 53 Texas, 373.

Where a judgment is void, the party against whom it is rendered must show a valid defense in order to have the enforcement of same enjoined, unless the judgment shows on its face to be a void judgment.  Kitchen v. Crawford, 13 Texas, 516; Schleicher v. Markward, 61 Texas, 103; Sharp v. Schmidt, 62 Texas, 263; Chambers v. Gallup, 70 S. W. Rep., 1009; Foust v. Warren, 72 S. W. Rep., 405.

WILLIAMS, Associate Justice.—Certified questions from the Court of Civil Appeals of the Fifth Supreme Judicial District, as follows:

"On August 15, 1898, defendant in error, E. K. Freeze, brought a suit in the Justice Court of Precinct No. 6, Hunt County, Texas, against plaintiff in error, August Kern Barber Supply Company, upon open account for the sum of $10, and caused a notice to nonresident defendant to be issued in accordance with article 1230, Sayles' Civil Statutes, which was thereafter served upon plaintiff in error in the city of St. Louis, Mo.  The cause was continued for service at the September term, 1898, of said Justice Court, the said notice not having been served within the time required by law.  Plaintiff in error did not enter any appearance in said cause or file any answer in same, and at the October term of said court, which began on the 1st day of October, 1898, the justice of the peace rendered a default judgment against plaintiff in error for $10, the amount therein sued for, and all costs of suit.  At the time of the bringing of the said suit and at the time of the rendition of the said judgment the said August Kern Barber Supply Company was a nonresident of the State of Texas, and had its domicile and principal place of business in the city of St. Louis, in the State of Missouri, where all of its officers resided and where it had had its domicile for several years, and had not for a number of years prior to the bringing of said suit had an office or an agent in Texas.  No writ of attachment or other process of any character was issued out of said cause, and no property rights by levy or otherwise were involved in said cause, but the same was solely and alone a suit upon open account, and no other service of any character

was had upon said August Kern Barber Supply Company, except the said notice to nonresident served in the city of St. Louis, Mo.

"Upon the service of the notice on the August Kern Barber Supply Company in St. Louis, the secretary and treasurer of said company showed same to the company's attorney in St. Louis, who, about August 23, 1898, at the request of said officer, wrote the justice of the peace at Commerce, Texas, stating that he would not enter an appearance for the company and insisting that the said justice could not render a legal judgment on such service.

"On February 20, 1902, defendant in error, E. K. Freeze, sued out a writ of garnishment, based upon the said judgment, against the Commerce National Bank, a corporation doing business at Commerce, Texas, commanding the said bank to appear and make answer to the said writ of garnishment on the 18th day of March, 1902, that being the beginning of the next regular term of said Justice Court. The said bank filed its answer on the 3d day of March, 1902, answering that it had in its hands $28.50 belongng to said August Kern Barber Supply Company.

"Plaintiff in error, August Kern Barber Supply Company, brought this suit in the District Court of Hunt County, Texas, on the 17th day of March, 1902, while said garnishment suit was still pending, against the defendants in error, E. K. Freeze and J. W. Manning, E. K. Freeze being the plaintiff in said judgment and garnishment, and J. W. Manning being the justice of the peace of precinct No. 6, Hunt County, Texas, to enjoin them from in any manner attempting to enforce said judgment and from further prosecuting said garnishment suit based thereon.

"A temporary writ of injunction was granted and remained in force until the final hearing before the District Court of Hunt County. Defendants filed a motion to dissolve the injunction, general and special exceptions to the petition, and general denial, and specially pleaded that in the case the injunction should be perpetuated, that defendant E. K. Freeze have judgment against the plaintiff for the sum of $10 upon stated account between merchant and merchant.

"Plaintiff filed a supplemental petition setting up general and special exceptions, general denial, and statute of limitations on the account.

"On final hearing the court rendered judgment dissolving the injunction and discharging the defendants and against the plaintiff for costs of suit, from which judgment plaintiff brings this writ of error. The petition for injunction did not show that the barber supply company had any defense to the cause of action upon which the judgment was based.

"Question 1. Under the facts as stated, could the August Kern Barber Supply Company enjoin the judgment rendered against it by the justice of the peace without pleading and showing that it had a valid defense to the cause of action upon which that judgment was based?

"Question 2. If it was entitled to enjoin said judgment, was the

statute of limitations suspended, as to the account upon which said judgment was based, by said suit and judgment, or would the statute run against said account notwithstanding said suit and judgment?

"In answering the first question we respectfully refer the court to the following cases: Railway Company v. Ware, 74 Texas, 47; Edrington v. Allsbrooks, 21 Texas, 186; Railway Company v. Rawlins, 80 Texas, 579.

"Contra: Sharp v. Schmidt & Ziegler, 62 Texas, 263; Kitchen v. Crawford, 13 Texas, 516; Chambers v. Gallup, 70 S. W. Rep., 1009; Foust v. Warren, 72 S. W. Rep., 405; Schleicher v. Markward, 61 Texas, 103."

1. The decisions in Railway Company v. Ware, 74 Texas, 47, and Edrington v. Allsbrooks, 21 Texas, 186, are authority for the proposition that the enforcement of a judgment may be enjoined when, by the face of the record upon which it was rendered, it is shown to be void, without a showing on the part of the plaintiff seeking the injunction that he has a good defense against the cause of action upon which such judgment was based. The judgment being a mere nullity and open to collateral attack, any attempt, by process based upon it, to reach the property of the person against whom it is rendered, is an unlawful invasion of his rights of property, against which, in the absence of other adequate remedy, he is entitled to injunction. An attempt to enforce by process such a nullity is as devoid of lawful authority as would be a seizure without process. In neither case would the existence of a valid debt aid the unlawful act. The decisions referred to as being opposed to this proposition, and others that might be cited, belong to a different class, the judgments under consideration in them not being void and subject to collateral attack, but conclusive upon the party until reopened and set aside upon sufficient showing. The rule applicable to such cases is thus stated by Chief Justice Willie in Sharp v. Schmidt & Ziegler, 62 Texas, 263: "It has always been the rule, that, when a judgment is sought to be reopened for any cause, in order to permit a defense to be made which the defendant was prevented from proving upon the trial in which the judgment was obtained, the nature of the defense must be shown to the court." It is true that in some of the cases in which this doctrine was applied the judgment was attacked because the party seeking injunction had not in fact been served, but this was not made to appear from the face of the record as in the cases first discussed, but was asserted upon evidence outside the record. In such cases the rule, at least with reference to domestic judgments of the superior courts, is that the record is conclusive evidence of the fact of service, and the judgment can not be attacked collaterally upon evidence aliunde, but only by direct proceeding to set it aside and let in defenses. To this class of cases the rule that the party seeking equitable relief must show meritorious defense to the cause of action, in order to obtain the intervention of equity, has been applied; whether properly or not, may admit of differences of opinion. House v. Collins, 42 Texas, 492; same case, 58 Texas, 231; Sharp v.

Schmidt, supra; Heck & Baker v. Martin, 75 Texas, 469. Whether or not, in view of the decision of this court in Wilkerson v. Schoonmaker, 77 Texas, 615, that the presumption of due service in favor of judgments of justices of the peace is not conclusive where the record is silent, but may be overthrown, in a collateral proceeding, by evidence aliunde that there had been no service, a party seeking to enjoin the execution of such a judgment must show a meritorious defense, is a question which does not arise. The face of the record in question showed that the defendant was a nonresident, was sued as such, and was summoned by process wholly ineffectual to bring it into court. The case therefore is like those first cited in which the judgment is condemned by the record as a nullity, and it was not necessary for plaintiff in seeking to enjoin its enforcement to show that it had a valid defense against the claim of the defendant.

2. The proceeding in the Justice Court did not interrupt the statute of limitation. The court had no jurisdiction over the person of the defendant therein and could acquire none by any process which it could issue. The issuance of process which can not possibly bring the defendant before the court can not be considered the commencement of a suit. Of course what we say does not apply to process merely defective or to judgments irregularly rendered against persons within the jurisdiction of the court. The issuance of citation in a justice court is the commencement of the suit, and it is necessarily true that the process, to have that effect, must possess some legal validity.