COOK *v.* FRANKLIN.

Opinion delivered November 5, 1904.

1. EJECTMENT—AFFIDAVIT OF TENDER OF TAXES—AMENDMENT.—In ejectment to recover land sold for taxes where plaintiff filed an affidavit of tender of taxes, alleging that the tender had been made on behalf of plaintiff and another, and defendant moved to dismiss the action on the ground that the tender should have been made on behalf of plaintiff alone, it was error to refuse to permit plaintiff to amend the affidavit by striking out the name of such other person except on condition that the affidavit should show that a tender was made for the plaintiff alone. (Page 19.)

2. SAME—NECESSARY PARTIES.—An administrator may maintain ejectment to recover lands of his intestate when needed to pay debts of the estate, without joining the heirs. (Page 19.)

Appeal from Little River Circuit Court.

HAL L. NORWOOD, Special Judge.

Ejectment by Walter Hopson, as administrator of the estate of James Morris, deceased, against Moses Franklin. Defendant had judgment, from which plaintiff appealed. Hopson's death being suggested, the cause was revived in the name of John N. Cook as special administrator. Reversed.

STATEMENT BY THE COURT.

Walter Hopson, as administrator of the estate of James Morris, deceased, brought an action of ejectment in the Little River Circuit Court against Moses Franklin to recover 160 acres of land. The defendant was holding the land under a purchase at a tax sale, and before the action was brought a tender of the taxes was made. At the time this tender was made Mary E. Wills was claiming an interest in the land, she being the owner of the original title, while James Morris had purchased the land at a sale under an overdue tax decree. There was some agreement between Mary E. Wills and Walter Hopson, the administrator of Morris, deceased, about the land, and they were represented by the same attorney, who on the 1st day of November, 1901, made an affidavit that, as attorney for Mary E. Wills and Walter S. Hopson, he had tendered to Franklin the taxes as required by section 2595 of Sandels & Hill's Digest. On the day of this tender, and probably after it was made, Mary E. Wills conveyed her interest in the land to Hopson as administrator of Morris, and a few days afterwards the action for the recovery of the land was brought in the name of Hopson as administrator of Morris only.

On the trial the defendant moved to dismiss the action on the ground that the affidavit of tender of taxes was insufficient, and further demurred to the complaint because the heirs of James Morris, deceased, were not made parties. The court sustained both the demurrer and the motion to dismiss. The plaintiff thereupon asked leave to amend the affidavit of tender by striking out the name of Mary E. Wills, which the court refused to permit unless counsel would add after the words "Walter Hopson as administrator" in the affidavit the word "alone" or "only," so that the affidavit would read that the tender was made in the name of Hopson as administrator alone or only, and swear to the affidavit in that form, which counsel refused to do.

The court thereupon dismissed the complaint, and defendant appealed.

*E. F. Friedell,* for appellant.

The affidavit filed by appellant was sufficient. 52 Ark. 147; 53 Ark. 224, 424; Sand. & H. Dig. § 2595; 64 Ark. 549. Affidavits in cases of attachment may be amended. 33 Ark. 406; 36 Ark. 561. The court erred in sustaining the demurrer filed by appellee. Sand. & H. Dig. § § 80, 182; 21 Ark. 63; 31 Ark. 579; 42 Ark. 28; Boone, Real Prop. § 465.

*Scott & Head,* for appellee.

The motion to dismiss was properly sustained. 64 Ark. 549; 52 Ark. 132. The demurrer to the complaint was properly sustained. 34 Ark. 391; 42 Ark. 25; 49 Ark. 91; 41 Ark. 89; 21 Ark. 63; 31 Ark. 579.

RIDDICK, J., (after stating the facts.) This was an action of ejectment by the administrator of James Morris, deceased, against Moses Franklin to recover land held by the defendant under a tax title. The administrator claimed that his intestate had acquired the title by a purchase at a sale under an overdue tax decree and a deed from the commissioner authorized to make the sale. In addition to this, he alleged that Mary E. Wills, the owner of the land at the time of the tax decree, had sold and conveyed to him as administrator her interest in the land. This conveyance was made on the day that the tender of taxes was made to the defendant. This tender was made by an attorney, who stated in his affidavit that the tender was as attorney of Mary E. Wills and Walter Hopson as administrator. Afterwards the action was brought in the name of Hopson, administrator, only, and the court sustained a motion to dismiss on the ground that the affidavit of tender was insufficient in that it stated in substance that tender was made for Mary E. Wills and Walter Hopson, administrator, jointly, and refused to allow the plaintiff to amend the affidavit so as to show that the tender was made for the plaintiff unless he would swear that the tender was made for the administrator only. But, as the attorney who made the tender represented both Mary E. Wills and Hopson, the administrator, each of whom claimed the land against the defendant, the attorney had the right to make the tender of taxes to the defendant for each of these parties. That is to say, he had the right to make the tender for Mary E. Wills, and, if that tender

was declined, he might still make it for Hopson, the other claim-ant. Or he might at the same time make the tender for each of them, with the understanding that it was a separate tender for each of these parties; and if the defendant had notice of this, it would constitute in law a separate tender for each of them. If, in drawing· his affidavit afterwards, he showed a tender for both of them jointly, instead of a separate tender for each of them, we see no reason why he should not be allowed to amend the form of the affidavit so as to state the facts. The statute requires that the claimant of lands against a defendant holding under a tax sale shall, before bringing an action to recover such lands, file an affidavit that he had tendered the taxes; but it does not require that the claimant shall swear that he tendered for himself only. We think the court rightly held that the affidavit could be amended, but erred in attaching the condition that it must show that a tender was made for the claimant only.

We need not decide whether, under the facts of this case, a joint tender was insufficient or not, for, even if we concede that it was insufficient, we think the amendment of the form of the affidavit as prepared by counsel for plaintiff should have been allowed. 1 Enc. Plead. & Prac. 336; 2 Cyc. 33, and cases cited.

The court also erred in holding that the administrator could not maintain ejectment without joining the heirs of his intestate as parties plaintiff. Our statute expressly declares that an action of ejectment "may be maintained in all cases where the plaintiff is legally entitled to the possession of the premises." Sand. & H. Dig. § 2573. And in this State an administrator is legally entitled to the possession of the lands of the estate when needed for the payment of the debts of the estate, with certain exceptions as to homestead and dower interests which are not involved here. The allegations of the complaint show that the personal assets of the estate had been exhausted, and that a large number of the debts of the estate were still unpaid. The administrator was there-fore entitled to the possession of the lands in controversy if they belonged to the estate of his intestate, and had, under our statute, the right to bring ejectment without joining the heirs. *Culber-house* v. *Shirey,* 42 Ark. 28; *Carnall* v. *Wilson,* 21 Ark. 62; Boone, Real Prop. § 465.

The cases cited by counsel as holding to the contrary only go to the extent of holding that when affirmative relief is asked

against the heirs, or which will affect their title, they must be made parties. *Chowning* v. *Stanfield,* 49 Ark. 87 ; *Sisk* v. *Almon,* 34 Ark. 391. But the defendant in this case does not ask to have the title of heirs set aside or cancelled. He asked no affirmative relief of any kind against the plaintiff, but demurred to the complaint on the ground that the heirs of Morris were not made parties. The demurrer should have been overruled.

For the errors indicated the judgment is reversed, and a new trial granted.