### WITHERS et al. v. LINDEN.

(Court of Civil Appeals of Texas. Texarkana. June 8, 1911. Rehearing Denied June 29, 1911.)

1. JUSTICES OF THE PEACE (§ 128*)—TEMPORARY INJUNCTION—DISSOLUTION—ANSWER.

Where in a suit to enjoin the enforcement of a justice's judgment defendant's verified answer only argumentatively denied plaintiff's allegations that the justice had acquired no jurisdiction over his person at the time the judgment was rendered, and that plaintiff had no knowledge of the judgment until 90 days had expired from the date it was rendered, and until it was too late to remove the same to the county court, such answer did not deny the equities of the petition, and was insufficient to require a dissolution of the injunction.

[Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig. § 128.*]

2. JUSTICES OF THE PEACE (§ 128*)—DISSOLVING TEMPORARY INJUNCTION—GROUNDS.

Where, in a suit to restrain the enforcement of a justice's judgment, it appeared from the petition and answer that the judgment was void for want of jurisdiction of the justice, and that plaintiff had not been guilty of laches, the fact that a meritorious defense to the suit in which the judgment was rendered was not alleged was no reason for dissolving a temporary injunction, under the rule that where the record is silent as to the existence of facts necessary to confer jurisdiction on a justice's court, evidence aliunde is admissible to show the nonexistence of such facts, though the attack on the judgment is collateral.

[Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig. § 128.*]

3. JUSTICES OF THE PEACE (§ 119*)—JURISDICTION—JUDGMENT.

A justice's judgment rendered without the justice having acquired jurisdiction over the

person of him against whom the judgment is rendered is void.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 373–376; Dec. Dig. § 119.*]

4. INJUNCTION (§ 128*)—PERMANENT INJUNCTION—ON PLEADINGS.

Where in a suit to restrain the enforcement of a justice's judgment, defendants denied generally all plaintiff's allegations that the judgment was void for want of jurisdiction, it was error to render judgment perpetuating the injunction without other evidence of the truth of plaintiff's allegations than that furnished by the affidavit to the petition on which the preliminary injunction was granted.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 128.*]

Appeal from District Court, Tarrant County; W. T. Simmons, Judge.

Action by William Linden against Mrs. V. F. Withers and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Jas. C. Scott, for appellants. Essex & Nugent, for appellee.

WILLSON, C. J. The suit was by appellee against appellants, Mrs. Withers and one Cantrell, a constable, to enjoin the sale under an execution of certain land belonging to appellee, and the collection of the judgment on which the execution was issued. A copy of the judgment was made an exhibit to the petition, and from the copy it appears that the judgment was rendered January 25, 1910, in favor of one Craig against appellee and appellant Mrs. Withers, and in her favor over against appellee, for the sum of $85,70, interest and costs. The judgment recited that "the plaintiff appeared by attorney and announced ready for trial, and the defendants duly cited. The defendant Mrs. V. F. Withers appeared in person and the defendant William Linden came not, but wholly made default," etc. In his petition for the injunction appellee alleged that Craig's suit resulting in the judgment was against him as an indorser and appellant Mrs. Withers as the maker of a promissory note for the sum of $75, interest and attorney's fees; that the citation issued in said suit and served on him so recited, and did not show Mrs. Withers, his codefendant therein, to be asserting any claim against him; that he did not appear by answer or otherwise, nor authorize any one to appear for him in said suit, and had no notice of any kind that Mrs. Withers was making or would make any claim against him in said suit; that he did not know that the judgment against him in favor of Mrs. Withers had been rendered until after the expiration of more than 90 days from its date, when it was too late to remove the cause to the county court; that he had learned that the judgment against him in favor of Mrs. Withers was rendered on a claim made by her that she had been induced by fraud on his part to execute and deliver to him the note sued on; that he was not guilty of fraud in the particular she claimed; and that the testimony on which the judgment in her favor was rendered therefore must have been false, etc. The petition was sworn to. A temporary injunction was granted as prayed for by appellee. From a recital in the judgment appealed from, rendered July 30, 1910, it appears that the cause was before the court June 18, 1910, only on a motion made by appellants to dissolve the injunction and a motion by appellee to "strike out respondents' pleadings and make the injunction perpetual," and not for a trial on its merits. The judgment further recites that at that time the "respondents announced if their pleadings were held defective they would ask leave to amend," and that "the evidence was heard and taken under advisement." On leave granted by the court, by an order duly made, appellants on July 29, 1910, filed an amended answer, and an amended motion to dissolve the injunction. The answer was verified as to portions thereof denying specific allegations in appellee's petition. In the answer Mrs. Withers averred that she had been induced by fraudulent representations made by appellee to execute the note which furnished the basis for the judgment against her in favor of Craig, and prayed if the judgment over in her favor against appellee rendered by the justice court should be declared to be void, that she have judgment against appellee in the pending suit for the amount of said note, interest, and attorney's fees, as her damages for the fraud perpetrated by appellee upon her. The judgment appealed from further recited: "Respondents announced they had further evidence to introduce and gave in evidence the original citation and the officer's return thereon in cause No. 14,408, justice court. Because it is the opinion of the court that no service was had upon William Linden in said justice court to warrant the judgment in favor of Mrs. V. F. Withers over against William Linden, the said judgment is void. Therefore it is considered and adjudged that the injunction be and is hereby perpetuated. The cross-bill of Mrs. V. F. Withers v. William Linden is hereby dismissed without prejudice to respondent V. F. Withers in any action she may desire. Relator shall recover all costs of respondents, for which he may have his execution."

Appellants insist that the trial court should have sustained their motion to dissolve the temporary injunction (1) because they had in their answer denied every material allegation made by appellee in his petition; (2) because it appeared from allegations in the petition and in the answer that appellee had neglected to resort to either an appeal or certiorari for relief against the

judgment; and (3) because it did not appear from allegations in his petition that appellee had a meritorious defense to the claim asserted against him by Mrs. Withers in the suit in the justice court.

[1] The two contentions first mentioned are not supported by the record. Appellants in their answer did not deny the allegation made by appellee in his petition that the judgment against him in favor of Mrs. Withers was by default and rendered by the justice court without service first had on him of a citation notifying him that she was asserting a right to a judgment against him. This allegation not only was a material one, but it was the basis for the relief appellee sought. Unless that judgment was void, because rendered at a time when .the court had not acquired jurisdiction over his person, appellee was not entitled to the injunction he prayed for. If it was void, and he had not been guilty of such laches as deprived him of the right to complain of it, he was entitled to relief by injunction. In his petition appellee specifically alleged that he did not know that the judgment against him in favor of Mrs. Withers had been rendered "until 90 days had expired from the date of said.judgment and until it was too late to remove the same to the county court." This allegation is not specifically, but only argumentatively, denied in the answer. To entitle a respondent to the dissolution of an injunction on the ground that he has by a sworn answer denied the equities set out in the petition, the rule is that the denial must be as clear and certain as are the allegations asserting such equities. 2 High on Inj. § 1472.

[2] If the conclusion reached, that it appeared from the petition and answer that the judgment was void and that appellee had not been guilty of laches depriving him of tne right to complain of it, is a correct one, then the fact that it may not. have appeared from the allegations in the petition that appellee had a meritorious defense to Mrs. Withers' suit was not a reason for dissolving the injunction. While the rule is otherwise in courts of record, it is held with reference to judgments of a justice court that where the record is silent (as seems to have been the case here) as to the existence or not of facts necessary to confer on such a court jurisdiction it has assumed to exercise, evidence aliunde is permissible, notwithstanding the attack on the judgment is a collateral one, to show the nonexistence of such facts. Wilkerson v. Schoonmaker, 77 Tex. 615, 14 S. W. 223, 19 Am. St. Rep. 803; Kern Barber Supply Co. v. Freeze, 96 Tex. 513, 74 S. W. 303; Tucker v. Pennington, 45 S. W. 314; Montgomery v. Gunther, 81 Tex. 320, 16 S. W. 1073; Hambel v. Davis, 33 S. W. 251; Machine Co. v. Wesson, 41 S. W. 726; Martin v. Anderson, 4 Tex. Civ. App. 111, 23 S. W. 292. .[3] Tested by this rule, the judgment against appellee in favor of Mrs.

Withers appeared to be a void one, because it was shown by facts specifically alleged in the petition, and not denied in the answer, that the court rendering it had not acquired jurisdiction over appellee's person. As it appeared that the judgment was a void one, to entitle himself to relief against it by injunction, it was not necessary that appellee should show that he had a meritorious defense against the claim it represented. Kern Barber Supply Co. v. Freeze, 96 Tex. 513, 74 S. W. 303.

We conclude, therefore, that the trial court did not err in overruling appellants' motion to dissolve the temporary injunction.

[4] But the judgment must be reversed for 'an error not assigned, but which appears on the. face of the record, and which we think should be treated as fundamental. Loan Ass'n v. Newman, 25 S. W. 463; Ditch Co. v. Hudson, 85 Tex. 590, 22 S. W. 398. In their answer, besides denying specifically certain allegations in the petition, appellants denied generally the truth of any of them. Appellee did not offer evidence to prove the truth of his allegations. The judgment perpetuating the injunction was rendered without other evidence of the truth of those allegations than that furnished by the affidavit to the petition. That this was not sufficient has been directly decided. Scales v. Ry. Co., 35 S. W. 205.

The judgment is reversed, and the cause is remanded for a new. trial.

### On Motion for Rehearing.

It is insisted that the statement in the opinion that the judgment perpetuating the injunction was rendered without other evidence of the truth of the allegations in the petition than that furnished by the affidavit thereto is incorrect. In support of the contention, it is asserted that "the record shows that the appellee by one J. M. McKenzie proved that William Linden was not in town at the time the judgment was rendered against him, and did not know that said judgment had been rendered against him in justice's court until the time had expired in which' to sue out a writ of certiorari." Conceding that such proof, had it been made, would have tended to establish the truth of any of the material allegations in the petition, the fact remains that the witness McKenzie did not so testify. According to the allegations in appellee's petition, the judgment in the justice court was rendered January 25, 1910. It does not appear from the record that the witness McKenzie knew, or pretended to know, anything about where appellee was on that day. His testimony was that appellee "was out of town," quoting from the record, "about three weeks, probably not so long, probably longer. He was out nearly the entire month of March, and was out probably a good deal of the time in February. He was out of town in April off and on for a week at a time once that I know of, probably twice, which would make it

two weeks." It is further asserted that "the record shows that the entire proceedings in justice court were admitted in evidence by both parties without objection." As a matter of fact the record does not so show. The only part of those proceedings appearing in the statement of facts (Bowden v. Davis, 71 S. W. 47) is a copy of the citation to appellant and appellee issued in Craig's suit against them, and a copy of the officer's return thereon.

The record is as it was stated to be in the opinion. Therefore the motion is overruled.