SAN BERNARDO TOWNSITE CO. et al. v. HOCKER. (No. 6985.)

(Court of Civil Appeals of Texas. Galveston. April 14, 1915. Rehearing Denied May 6, 1915.)

1. JUDGMENT ⊜⇒17—PROCESS TO SUPPORT—NONRESIDENT.

A personal judgment rendered against a nonresident on service of citation, or nonresident notice, served on him without the state, is void.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec. Dig. ⊜⇒17.]

2. JUDGMENT ⊜⇒415—VOID JUDGMENT—ENJOINING ENFORCEMENT — "FACE OF THE RECORD."

The enforcement of a judgment against a nonresident may be enjoined, where the "face of the record" which means the whole record in the case, shows that the judgment is void, with-

out showing a defense against the cause of action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 781–783; Dec. Dig. ☞415.

For other definitions, see Words and Phrases, First and Second Series, Face.]

**3. JUDGMENT ☞490—COLLATERAL ATTACK— JUDGMENTS SUBJECT TO.**

A personal judgment, rendered against a nonresident on service of process without the state, or waiver of service, or entry of appearance, is a mere nullity, and subject to collateral attack.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 926–928; Dec. Dig. ☞490.]

**4. JUDGMENT ☞497—VALIDITY — SERVICE OF PROCESS.**

Where a nonresident is sued on a personal demand, and judgment is rendered against him, the whole record may be examined to determine whether jurisdiction attached; and, where defendant was served out of the state, the judgment is void, in absence of anything in the record or recital in the judgment to indicate that other service was had so as to give jurisdiction, or that service was waived, or appearance entered.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 937, 938; Dec. Dig. ☞497.]

**5. JUDGMENT ☞497—VALIDITY—DIRECT ATTACK.**

A personal judgment against a nonresident, reciting that defendant was legally served with citation, without stating the manner of the service, is not void on its face, and is subject only to direct attack, where there is nothing on the face of the record to contradict the recital.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 937, 938; Dec. Dig. ☞497.]

**6. JUDGMENT ☞447—DIRECT ATTACK—SHOWING OF GOOD DEFENSE.**

Where, on direct attack, the face of the record showed that the court was without jurisdiction of the person of defendant because of his nonresidence, it was not necessary for him to show a good defense to obtain the setting aside of the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 849–851; Dec. Dig. ☞447.]

**7. JUDGMENT ☞461 — DIRECT ATTACK — ACTIONS CONSTITUTING DIRECT ATTACK.**

A suit to restrain the enforcement of a judgment is a direct attack, and a recital in the judgment that defendant had been legally cited to appear did not control the allegations of the petition of defendant's nonresidence, and return on citation showing that he was served in a sister state.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 892, 893, 895; Dec. Dig. ☞461.]

**8. EXECUTION ☞172 — RESTRAINING SALE — VOID JUDGMENT.**

On who sells land with covenants of warranty may, by injunction, restrain a sale thereof on execution under a void judgment, where the sale, if made, will create a cloud on his grantee's title.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 519–539; Dec. Dig. ☞172.]

Appeal from District Court, Matagorda County; Samuel J. Styles, Judge.

Action by J. W. Hocker against the San Bernardo Townsite Company and another. From a judgment for plaintiff, defendant named appeals. Affirmed.

Gaines & Corbett, of Bay City, for appellants. Hertzberg, Barrett & Kercheville, of San Antonio, for appellee.

McMEANS, J. J. W. Hocker sold certain lands in Brazoria county to W. G. Andes and others by deed containing covenants of general warranty, which lands were thereafter conveyed by said Andes and others to the San Bernardo Townsite Company. The title to a portion of the land having failed, the San Bernardo Townsite Company, on March 29, 1913, filed in the district court of Brazoria county a suit against the appellee Hocker, in which suit the townsite company sought to recover a personal judgment against Hocker by reason of the warranties contained in said deed, alleging in its original petition that the residence of said Hocker was in Bexar county, Tex. On June 6, 1913, the townsite company filed a first supplemental petition in which it alleged that the allegation in its original petition that Hocker was a resident of Bexar county was not true and correct, but that his residence was in Tulsa county, Okl., and prayed that a nonresident notice be issued to him in Tulsa county, Okl. Thereafter a notice of the suit was served upon Hocker at Tulsa, Okl., while he was a resident of said place, and while he was actually within the confines of the state of Oklahoma, and return showing such service was duly made by the person serving said notice; but Hocker never appeared in said suit, either in person or by an attorney, and no answer was filed therein by or for him. On September 24, 1914, in said suit, the San Bernardo Townsite Company was given judgment against said Hocker; said judgment reciting on its face:

"That the defendant J. W. Hocker, having been duly and legally cited to appear and answer herein, failed to appear or answer herein, and in this behalf wholly made default. It is further ordered, adjudged, and decreed that the plaintiff San Bernardo Townsite Company do have and recover of and from said defendants J. W. Hocker et al., on its cause of action on the warranty of said defendants of the title to the land not herein recovered by plaintiff, and to which the title has failed, the sum of $25,655.86, with interest thereon from this date until paid at the rate of 7 per cent. per annum, together with all costs incurred in this suit, for all of which let execution issue."

Hocker had no notice of the rendition of this judgment until after the term of court at which it was rendered had closed. On December 14, 1914, the townsite company caused to be issued out of the district court of Brazoria county, in said cause and upon said judgment, an alias writ of execution directed to the sheriff or any constable of Matagorda county, which was placed in the hands of Bert Carr, sheriff of Matagorda county, and on December 31, 1914, said sheriff executed said writ, in part, by levying on the undivided interest of Hocker in certain lands in Matagorda county, as the property of said Hocker, and duly advertised the same for sale under said writ on the first Tuesday in February, 1915.

On January 25, 1915, Hocker filed this suit in the district court of Matagorda county

against the San Bernardo Townsite Company and Bert Carr, sheriff of Matagorda county, for injunctions, alleging the facts above stated, and praying for a temporary injunction to restrain the sale of the land under said execution.

The defendant Bert Carr answered that he was in no way interested in the subject-matter of the litigation between the townsite company and Hocker, but that he was made a defendant in this cause purely in his capacity as sheriff and as an officer of the court, and prayed that proper orders be made for his guidance.

The defendant townsite company answered, alleging, among other things, in substance: (1) That plaintiff having voluntarily sought and invoked the jurisdiction of the court, and being indebted to it on account of said judgment and the breach of his warranty, and failing to offer any meritorious defense to the merits of the cause in which the judgment against him had been rendered, was not entitled to any relief. (2) That the record in the case in which the judgment had been rendered does not show on its face that said judgment is void, but that said judgment expressly recited that the defendant Hocker had been duly and legally cited to appear and answer, and had made default. (3) That Hocker had taken no action towards appealing from or vacating said judgment, and that the same remains in full force and effect until reversed or otherwise vacated. It also set up by cross-bill its action against Hocker upon his warranty.

The case was heard upon the petition and answer, both of which were verified, and upon copies of documents, and judgment was entered in favor of the plaintiff Hocker granting a temporary injunction in the terms of the prayer. From this judgment the townsite company has appealed.

We think that, under the facts shown, the court properly granted the temporary injunction.

[1] That a personal judgment rendered against a nonresident defendant upon service of citation, or nonresident notice, served upon him without the state, is void, all the authorities substantially agree.

[2] That the enforcement of such judgment may be enjoined, when, by the "face" of the record upon which it was rendered, it is shown to be void, without a showing upon the part of the plaintiff seeking the injunction that he has a good defense against the cause of action upon which such judgment was based, is the ruling of our Supreme Court in Railway Co. v. Ware, 74 Tex. 47, 11 S. W. 918, and Edrington v. Allsbrooks, 21 Tex. 186, which are approved in the later decisions of the Supreme Court in Kern Barber Supply Co. v. Freeze, 96 Tex. 516, 74 S. W. 303.

[3] Such a judgment is a mere nullity and open to collateral attack; and any attempt,

by process based upon it, to reach the property of the person against whom it is rendered, is an unlawful invasion of his rights of property, against which he is entitled to an injunction. An attempt to enforce by process such a nullity is as devoid of lawful authority as would be a seizure without process. In neither case would the existence of a valid debt aid the unlawful act. Kern Barber Supply Co. v. Freeze, supra.

There arises, then, the question: What is meant by the face of the record?

In Lutcher v. Allen, 43 Tex. Civ. App. 102, 95 S. W. 574, it is said:

"While it is true that all reasonable presumptions must be indulged in in favor of the judgments of domestic courts, and that they cannot be collaterally attacked when reciting valid service or when silent on the subject, yet it has never been held that they cannot be attacked in a collateral proceeding, if the judgment itself or the record shows that the court did not have jurisdiction."

In Treadway v. Eastburn, 57 Tex. 209, it is said:

"To determine * * *, whether the record shows affirmatively that there has been proper service, the whole of it should be taken together. When thus considered, if that portion which relates to this question shows affirmatively such character of service as is not authorized by law, or such defective service that a judgment by default thereon would be void, and not voidable only, and the remainder of the record is silent upon this subject, not showing any finding of the court from which it may be inferred that there was other service or an appearance, then this would be a case in which it affirmatively appears that the jurisdiction of the court had not attached."

In Martin v. Burns, 80 Tex. 676, 16 S. W. 1072, it is held that in a collateral attack upon a judgment, if the judgment itself finds and recites a valid citation and service, that controls the balance of the record; otherwise if it recites an invalid citation or names the precise character thereof. If the judgment is silent as to service, then the whole record may on collateral attack be examined.

[4] From these decisions and others, we deduce the following: Where a nonresident of this state has been sued in this state upon a personal demand, and a judgment has been rendered against him, the whole record in the case may be examined to determine whether jurisdiction had attached, and that this is what is meant by the expression "face of the record." If it thus be made to appear that the defendant was served out of the state, then in the absence of anything in the record or recital in the judgment to indicate that such other service was had upon him as to give the court jurisdiction over his person, or that service had been waived or an appearance for him was entered, the judgment is void and may be collaterally attacked.

[5] But if the judgment recites that the defendant was duly or legally served with citation, without stating the manner of the service, and there is nothing on the face of the

record to contradict the recital, the judgment would not be void upon its face, and would be subject only to direct attack.

[6] If, however, on direct attack, it be shown by the face of the entire record that the court was without jurisdiction of the person of the defendant, because of his nonresidence in the state, then it would not be necessary for him to show a good defense to the cause of action upon which such judgment was based, but, to set aside the judgment, it would be sufficient to show by the record the invalidity of the service upon him. Foust v. Warren, 72 S. W. 404.

[7] In this case the supplemental petition of the townsite company alleges that Hocker's residence was in Tulsa county, Okl., and the return upon the citation shows that he was served there. These facts were proved on the trial of this case, and no effort was made to contradict them, or to show that the court had acquired jurisdiction over Hocker's person in any other manner. But the judgment recited that Hocker had been duly and legally cited to appear and answer therein; and under the rule laid down in Martin v. Burns, supra, that recital would control on collateral attack as against the balance of the record. But this is not a collateral attack; hence the rule laid down in Martin v. Burns does not apply, and the recital of service in the judgment would not control as against the entire face of the record and the other undisputed evidence, which shows the true character of the service upon which the court assumed jurisdiction of his person.

The following cases hold affirmatively that a judgment may be directly attacked by injunction to restrain its execution: Crawford v. McDonald, 88 Tex. 630, 33 S. W. 325; Dashner v. Wallace, 29 Tex. Civ. App. 151, 68 S. W. 307; Fayssoux v. Kendall County, 55 S. W. 583; and other cases in 11 Michie's Enc. Digest, p. 156.

This suit was a direct attack on the judgment, and the proof shows that the judgment against Hocker was not such an one as the court had jurisdiction to render against him, and, having been rendered without jurisdiction, its enforcement was properly enjoined.

[8] On the trial it was shown that on October 15, 1914, subsequently to the rendition of the judgment sought to be enjoined, the appellee J. W. Hocker sold the land, upon which the execution issued on said judgment was levied, to C. M. Hocker, by deed containing covenants of general warranty. We think that one who sells land with covenants of warranty is entitled to an injunction to restrain a sale thereof on execution under a void judgment, when such sale would create a cloud on his vendee's title. Huggins v. White, 7 Tex. Civ. App. 963, 27 S. W. 1066.

We find no reversible error in the record. The judgment of the court below is affirmed.

Affirmed.