TEXAS CENT. R. CO. v. HOFFMAN.
(No. 5693.)

(Court of Civil Appeals of Texas. Austin. Dec.
6, 1916. On Motion for Rehearing,
April 18, 1917.)

1. APPEAL AND ERROR ☞725(2) — REVIEW —
ASSIGNMENTS OF ERROR.
Where the record showed that after a general demurrer was sustained to plaintiff's original petition he filed two trial amendments and it did not appear that demurrer was then sustained to the petition, an assignment of error, complaining of the sustaining of general demurrers to the original petition before and after the first trial amendment, shows no reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3004.]

2. APPEAL AND ERROR ☞562 — RECORD —
STATEMENT OF FACTS.
Documents following the statement of facts, preceded by an agreement that they should be considered as part of the statement of facts, cannot be considered, where the agreement was not signed by one of the parties or any one for it, though approved by the trial judge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2495-2499.]

3. JUDGMENT ☞499—COLLATERAL ATTACK—
EVIDENCE.
In an action to enjoin execution on a judgment rendered against it in a former suit, a copy of plaintiff's original petition and the citation issued thereon, together with the sheriff's return, showed service upon a person named as defendant's agent. It did not appear that plaintiff filed no other pleading, or that defendant did not enter an appearance. Held that evidence that the one on whom citation was served was not agent of defendant was properly excluded.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 940.]

4. JUDGMENT ☞429—COLLATERAL ATTACK—
GROUND FOR.
Where a judgment was collaterally attacked by a suit to enjoin execution thereon upon the ground that the person on whom citation was served was not agent of the corporate defendant, that fact must be established, as well as the fact that defendant had a meritorious defense and a sufficient excuse for not having filed a motion for new trial before the term of court at which judgment was rendered had adjourned.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 808, 810-815.]

On Motion for Rehearing.

5. COURTS ☞92—DICTA—BINDING AUTHORITY.
A statement in a decision of the Supreme Court that a suit to enjoin execution on a judgment was a direct attack thereon is not a binding decision, the case in which the statement was made not being an injunction suit.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 335.]

6. JUDGMENT ☞521 — ATTACK — COLLATERAL
ATTACK.
A suit to enjoin execution upon a judgment on the ground that the judgment was absolutely void which did not pray to vacate the judgment is a collateral and not a direct attack.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 964.]

7. JUDGMENT ☞429 — INJUNCTION AGAINST
EXECUTION—ISSUANCE.
Where a railroad company sought to enjoin execution upon a judgment rendered against it and the judgment recited upon its face that

the company was duly served, it was not absolutely void, but at most voidable, and the company is not, though the proceeding be deemed a direct attack, entitled to relief without showing a meritorious defense.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 808, 810-815.]

Appeal from McLennan County Court; Geo. N. Denton, Judge.

Action by H. Hoffman against the Texas Central Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Nat Harris and Spell & Sanford, all of Waco, for appellant. Boggess & Naman, of Waco, for appellee.

KEY, C. J. Appellee does not object to appellant's statement of the nature and result of this suit, which is as follows:

"This is an application for an injunction filed in the county court of McLennan county, Tex., by appellant, the Texas Central Railroad Company against H. Hoffman and S. S. Fleming, sheriff of McLennan county, Tex., to restrain the said H. Hoffman and S. S. Fleming from levying an execution issued out of the county court of McLennan county, Tex., on the 27th day of August, 1915, in cause No. 9278 on the civil docket of said court, wherein H. Hoffman was plaintiff and the Texas Central Railroad Company was defendant. Appellant alleged in its petition for injunction that on the 8th day of May, 1915, appellee, H. Hoffman, filed in the county court of McLennan county, Tex., his petition in cause No. 9278, wherein H. Hoffman was plaintiff and Texas Central Railroad Company was defendant, for the sum of $238 for damages alleged to have been sustained by the said Hoffman by reason of delay in shipment of a carload of bananas transported from Galveston to Waco, and from Waco, Tex., to Hamlin, Tex., and also for $50 attorney's fees. Appellant alleged that citation was issued in cause No. 9278 on the 10th day of May, 1915. Said citation was executed on said 10th day of May, by the sheriff of McLennan county, by serving said citation on one C. H. Pinnell, alleged in the return on said citation to be the local agent of the defendant, Texas Central Railroad Company.

"That on the 5th day of July, 1915, said C. H. Pinnell filed in said cause an affidavit, properly sworn to, wherein he denied that he was the local agent of the Texas Central Railroad Company on the 10th day of May, 1915; that he was not the local agent on the 8th day of May, 1915, or at any time between said dates, and did not represent the Texas Central Railroad Company in any capacity and that he did not at the time of filing said affidavit represent the Texas Central Railroad Company in any capacity whatever, either as local agent or otherwise. Appellant further alleged that said Pinnell was not the president, or secretary, or treasurer of the Texas Central Railroad Company, and that he was not the 'local agent' representing the Texas Central Railroad Company in McLennan county, Tex.; that a copy of the citation was not left at the principal office of the Texas Central Railroad Company; that it did not accept service nor authorize any one to accept service nor waive the issuance and service of process on it in said cause, and did not appear and answer therein.

"That on the 16th of July, 1915, a judgment by default was rendered in said cause against the appellant and in favor of appellee H. Hoffman, for the sum of $263.50, together with interest at the rate of 6 per cent. per annum from the date of said judgment.

"Appellant's petition for injunction was presented to the court and the writ of injunction ordered as prayed for upon appellant giving bond in the sum of $550. Injunction bond was filed and approved on the 7th day of September, 1915. Writ of injunction was issued on September 8, 1915. Injunction executed on the 8th day of September, 1915.

"Appellees H. Hoffman and S. S. Fleming filed a motion to dissolve said injunction, which said motion contained: First, a general demurrer; and, second, allegations to the effect that the Texas Central Railroad Company was leased by the Missouri, Kansas & Texas Railway Company for a period of 99 years, and that the Missouri, Kansas & Texas Railway Company of Texas enjoyed all the rights, franchises, and privileges belonging to the said Texas Central Railroad Company, and that the said C. H. Pinnell, upon whom service of citation was had in cause No. 9278, was local agent at Waco, in McLennan county, Tex., for the said Missouri, Kansas & Texas Railway Company of Texas, and that defendants were informed and believed that Pinnell was the local agent of the Texas Central Railroad Company at Waco, Tex.

"The motion to dissolve the injunction came on to be heard on the 14th day of October, 1915. At that time came on to be heard the defendant's general demurrer to plaintiff's petition. The court sustained the general demurrer, to which action of the court the plaintiff then and there excepted, and thereafter was granted leave to amend its said petition. Appellant filed its first trial amendment in said cause on the 15th day of October, 1915, denying that it contracted with the said H. Hoffman as alleged in his petition in cause No. 9278, to carry the carload of bananas from Waco, Tex., to Hamlin, Tex.; that the said carload of bananas was never delivered to the said Texas Central Railroad Company, appellant, nor its servants, agents, and employés for transportation from Waco, Tex., to Hamlin, Tex., or any other point, as alleged in plaintiff's petition; that under and by virtue of an act of the Legislature passed at the general session of the Thirty-Third Legislature of 1913 appellant leased, let, and demised unto the Missouri, Kansas & Texas Railway Company of Texas, its successors and assigns, the property, premises, equipment, and appliances, leaseholds, rights, privileges, and franchises for a term of 99 years, beginning on the 1st day of May, 1914; that since said 1st day of May, 1914, it has not operated its said railroad extending from Waco, in McLennan county, Tex., to Rotan, in Fisher county, Tex., and that it has not exercised any of its rights, privileges, or franchises since said date, save and except the franchise of its corporate existence, which it has exercised under said act for the purpose of said lease. A copy of the lease was attached to said trial amendment.

"The appellee filed an exception to said trial amendment for the reason that the said petition, as amended, 'wholly fails to show that said plaintiff did not have an adequate remedy at law in this: That it is not shown that plaintiff made a motion for a new trial, or that he was prevented from making a motion for a new trial within the time allowed by law, or that said motion for a new trial would have been an adequate remedy at law.'

"This motion coming on to be heard, the court sustained the same, to which action the plaintiff then and there excepted, and plaintiff was granted leave to file a second trial amendment. Thereupon the plaintiff filed a second trial amendment, in which it denied any knowledge of the judgment in cause No. 9278 until the 27th day of August, 1915, when an execution was issued out of said court on said judgment, and that the term of court at which the said judgment in cause No. 9278 was entered expired on the 21st day of August, 1915. Appellees answered the second trial amendment with a general denial, and alleged that Spell and Sanford were the local attorneys for the Missouri, Kansas & Texas Railway Company of Texas and the Texas Central Railroad Company, and that Nat Harris was one of the local attorneys for the said Missouri, Kansas & Texas Railway Company of Texas and Texas Central Railroad Company, and that they and each of them had knowledge of the rendition of said judgment, and that by virtue of the lease between the Missouri, Kansas & Texas Railway Company of Texas and Texas Central Railroad Company all the agents, servants, and employés of the said Missouri, Kansas & Texas Railway Company of Texas are and were agents, servants, and employés of the Texas Central Railroad Company.

"On the trial of this cause before the court, the court rendered a judgment for the appellees dissolving the injunction issued in this cause. The court made and filed a conclusion of facts and of law.

"Appellant filed its first amended motion for a new trial on the 22d day of October, 1915. Appellant's motion for a new trial was overruled by the court on the 23d day of October, 1915. Appellant in open court excepted to the ruling of the court and gave notice of appeal to the Court of Civil Appeals for the Third Supreme Judicial District of Texas, at Austin, and upon motion was granted 60 days' time in addition to that allowed by law to have prepared, approved, and filed a statement of facts and bills of exception. Appellant filed its bills of exception on the 20th day of January, 1916, and its statement of facts on the 21st day of January, 1916, and now brings this cause to this court for review upon the following assignments of error."

### Opinion.

[1] The first two assignments in appellant's brief complain of the alleged action of the trial court in sustaining general demurrers to appellant's original petition before and after appellant filed its first trial amendment. After sustaining the demurrer to the original petition, appellant was granted leave, and filed two trial amendments, and it does not appear by the record that the court sustained any exception to the petition after the amendments referred to were filed. On the contrary, the trial of the case proceeded, and both parties introduced testimony, as disclosed by the statement of facts. Hence we hold that the two assignments referred to do not afford ground for reversing the case.

[2, 3] All the other assignments in appellant's brief relate to the action of the court in excluding certain testimony offered by appellant. The testimony referred to related only to the question as to whether or not one C. H. Pinnell, upon whom the citation had been served in the former case, was appellant's local agent at Waco, Tex. As the case is presented in this court, those assignments are immaterial, for reasons which will now be stated.

Appellant is making a collateral attack upon the judgment which had been rendered against it at a former term of court. Appellant's pleading in this case does not set out, in terms, the pleadings filed by appellee in the former suit, but does allege that C. H. Pinnell, upon whom the sheriff's return shows that the citation in that case was served as the local agent of appellant, was not in fact such agent. None of the pleadings, nor the citation or the return thereon are

embodied in the statement of facts. Attached to the statement of facts is what purports to be a copy of the plaintiff's original petition in the former suit, and the citation issued thereon, together with the sheriff's return, but they are no part of the statement of facts. True they are preceded by the form of a written agreement to the effect that the documents referred to should be considered by this court as a part of the statement of facts. However, the purported agreement is not signed by appellant or any one for it, and although it is approved by the trial judge, it cannot be considered by this court as part of the statement of facts. But, even if it were so considered, the result would be the same, because it does not appear that the plaintiff in the former suit filed no other pleading, nor does it appear that appellant did not enter an appearance in that case.

[4] We also hold that if the petition, citation, and return just referred to were all that the record in the former case disclosed in reference to appellee's right to judgment by default in that case, still, it would not appear from the record that the court did not have jurisdiction to render that judgment. This being the case, the judgment was not void, but voidable only. The burden rested upon appellant in the trial of this case, not only to show that Pinnell was not its agent at Waco, but also to show that it had a meritorious defense to the former suit, and had a sufficient excuse for not having filed a motion for a new trial before that term of court adjourned. Barbers Supply Co. v. Freeze, 96 Tex. 513, 74 S. W. 303; Railway Co. v. Ware, 74 Tex. 47, 11 S. W. 918; Edrington v. Allsbrooks, 21 Tex. 186; Texas Mexican Hardware Co. v. Wright, 29 S. W. 1134, affirmed by the Supreme Court in 88 Tex. 347, 31 S. W. 613, 31 L. R. A. 200; S. A. & A. P. Ry. Co. v. Glass, 40 S. W. 339; Laundry Co. v. Carter, 24 Tex Civ. App. 533, 60 S. W. 328 (writ of error denied by Supreme Court); Hamblin v. Knight, 81 Tex. 351, 16 S. W. 1082, 26 Am. St. Rep. 818; First Natl. Bank v. Henwood, 183 S. W. 5; Dashner v. Wallace, 29 Tex. Civ. App. 151, 68 S. W. 307.

So, if it be conceded that appellant's pleadings were sufficient to admit proof showing that it had a good defense to the former suit, and a sufficient excuse for not having filed a motion for new trial before that term of court ended, the fact remains that it utterly failed to make such proof upon the trial of this case, and therefore the trial court rendered the proper judgment, although C. H. Pinnell may not have been its agent at the time citation was served upon him. Appellee's answer to the pleas referred to embraced a general denial, which placed the burden of proof upon appellant.

No reversible error has been assigned, and therefore the judgment is affirmed.

Affirmed.

### On Motion for Rehearing.

[5, 6] This motion has been given careful consideration, and our conclusion is that it should be overruled. We do not concur in the contention of appellant's counsel that this suit constitutes a direct and not a collateral attack upon the judgment formerly rendered by the court against appellant.

It is true that appellant brought this suit for the purpose of obtaining a writ of injunction to restrain appellee from enforcing the former judgment, and it is also true that in Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325, our Supreme Court, in undertaking to define what constitutes a direct attack upon a judgment, included in the definition "an injunction to restrain its execution," etc., but that was not an injunction suit, and therefore that statement was not necessary to a decision of that case, and is not binding as authority. However, when an independent suit is brought for the purpose of having a former judgment set aside, and the case restored to the docket and retried, such a suit constitutes a direct attack upon the judgment, although the plaintiff may also ask for a writ of injunction restraining the defendant from seeking to enforce such judgment. But when, as in this case, the plaintiff brings his action solely for the purpose of obtaining a writ of injunction to prevent the enforcement of the former judgment upon the ground that such judgment is absolutely void, because of the fact that he was not served with citation, and did not appear or otherwise waive such service, and does not ask to have the judgment set aside and the case retried upon its merits, such a suit, in our opinion, is not a direct but a collateral attack upon the judgment, and when, as in the instant case, such judgment recites upon its face that the defendant was duly served, then in such collateral attack such recital is conclusive, and evidence will not be heard to impeach it.

In support of our holding that the present suit is a collateral and not a direct attack upon the former judgment, we quote from section 253, of Black on Judgments, as follows:

"When a person against whom a judgment has been taken at law applies to a court of equity for relief against the judgment, as by petition for an injunction to restrain its execution, it might appear at first sight that such a proceeding constituted a direct attack upon the judgment. For its object is clearly to escape the consequences of the adjudication by showing adequate reasons for withholding them in the particular case. But a closer examination shows that an action of this character is in reality a collateral attack upon the judgment, and therefore cannot be based upon mere errors or irregularities. For first, if a court of equity sees fit to grant such an application, its intervention never takes the form of annulling, vacating, or opening the judgment, or in any wise interfering with its standing as a valid and binding adjudication. Its action is not direct, but indirect. It lays its restraining hand upon the person, not the judgment. What chancery does, in these circumstances, is to put its prohibition upon the person who has obtained the judgment, to prevent him from making a use of it which, as it

appears, would be inequitable and against conscience. Secondly, it is very well settled, upon the authorities, that equity will not review judgments at law, that is, as it is commonly phrased, 'grounds of which the party could not have availed himself at law, or of which he was prevented from availing himself at law, by fraud, accident, or the act of the opposite party unmixed with negligence or fault on his own part.' From these considerations it will appear that an application to enjoin the collection of the judgment is, strictly speaking, a collateral attack upon it. And this view is fully sanctioned by the decisions. 'It is a familiar doctrine,' says the court in Indiana, 'that such a proceeding to enjoin the enforcement of a judgment by execution constitutes a collateral attack upon the judgment, and cannot be maintained on account of errors or irregularities merely, but only upon a showing that the judgment is void.'"

[7] Besides in this case the judgment which was attacked recited upon its face that the defendant was duly served with citation, and it is not absolutely void, but at most only voidable; and, such being the case, we think before appellant should be afforded equitable relief by a writ of injunction, it should be required to show that it had a meritorious defense to the original suit, even though it be conceded that it is now making a direct attack upon the judgment. The judgment is not void upon its face, and if, in the forum of conscience, it is right and just, appellant is not entitled to relief against it at the hands of a court of equity; and therefore, to entitle itself to such relief, we think it should have alleged and proved facts which would have shown that the judgment was unjust. Kern Barber Supply Co. v. Freeze, 96 Tex. 513, 74 S. W. 303; Walker v. Chatterton, 192 S. W. 1085.

These holdings sustain the judgment of affirmance, and render it unnecessary to consider and decide the other questions presented in the motion.

Motion overruled.